

**RECEIVED**
Apr 22. 2009 LCW
APR 22 2009
APR 22 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

**LUIS MARTINEZ, Reg. No. K–89831**

---

.(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

**See attached pages**

**1(a), 1(b), 1(c), and 1(d)**

**In their Individual and Official**

**Capacities.**

---

---

---

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

09CV2436
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COX

Case No: _____
(To be supplied by the Clerk of this Court)

**DOCKETED**

APR 2 3 2009

**CHECK ONE ONLY:**

__X__ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.    Plaintiff(s):**

A.    Name:    Luis Martinez, Reg. No. K-89831

B.    List all aliases:    N/A

C.    Prisoner identification number:    K-89831

D.    Place of present confinement:    Dixon Correctional Center

E.    Address:    P.O. Box 1200, Dixon, IL. 61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant:    Schoberw, Badge # 20542

Title:    Police Officer of the Chicago Police Dept.

Place of Employment:    Chicago Police Department

B.    Defendant:    Ortiz BC, Badge # 10016

Title:    Police Officer of the Chicago Police Dept.

Place of Employment:    Chicago Police Department

C.    Defendant:    Peck Jr. Re, Badge # 20711

Title:    Police Officer of the Chicago Police Dept.

Place of Employment:    Chicago Police Dept.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

D.   Defendant:  Flores Jr. H. Badge # 11161

     Title:  Police Officer

     Place of Emplyment: Chicago Police Department

E.   Defendant:  Redman Charles A. , Badge # 20910

     Title:  Police Officer

     Place of Emplyment:  Chicago Police Department

F.   Defendant:  Edwards Louis, Badge #  20755

     Title: Police Officer

     Place of Emplyment:  Chicago Police Department.

G.   Jody P. Weis

     Title: Superintendent of Police of the Department of Police

          City of Chicago.

     Place of Emplyment: Chicago Police Department

H.   Defendant: Seargent Kane

     Title: Internal Affairs Division of the Department of Police Headquarters

          City of Chicago.

     Place of Emplyment:  Chicago Police Headquarters.

I.   Geraldine D' Souza

     Title: Assistant Attorney of Cook County, Illinois.

     Place of Employement: Office of the State Attorney of Cook County

J.   Defendant:  Richard Paul

     Title: Assistant Public Defender

     Place of Employement: Cook County Public Defender's Office

K.   Defendant: Diana Binstock

     Title: Assistant Public Defender

     Place of Employement: Cook County Public Defender's Office.

L. Defendant: Eileen pahl

TITLE: Assistant public defender

Place of Employement: Cook county public defenders office

M. Defendant: Taylor C. Scott The 3rd

TITLE: Forensic scientist from The illinois state police

Place of employement: 3710 East lake shore Dr. Springfield IL.

N. Defendant: Althea K. Welsh

TITLE: Senior counsel

Place of employement: Attorney Registration disciplinary commission supreme court IL.

O. Defendant: Judge James B. linn circuit Judge

TITLE: Judge

Place of employement: Cook county criminal court building

P. Defendant: Judge Hill Aurther F. Jr. circuit Judge

TITLE: Judge

Place of employement: Cook county criminal court building

Q. Defendant: Tom Dart

TITLE: Sheriff of Cook county

Place of employement: Cook county criminal court building

R. Defendant: Detective grant badge ## 5284

TITLE: Police officer

Place of employement: Chicago police Department

S. Defendant: Kumiga Kumila badge ## 15998

TITLE: E.T. Police officer

Place of employement: Chicago police Department

T. Defendant: Nancy wilder

TITLE: Assistant Attorney of Cook county, Illinois

Place of employement: office of the state attorney of Cook county

Y. Defendant: Quentin D. pitluck

TITLE: Assistant public defender

Place of employement: Cook county public defenders office

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.      Is there a grievance procedure available at your institution?

YES ( )  NO (X)   If there is no grievance procedure, skip to F.

B.      Have you filed a grievance concerning the facts in this complaint?

YES ( ). NO ( )

C.      If your answer is **YES**:

1.      What steps did you take?

_____

_____

_____

2.      What was the result?

_____

_____

_____

3.      If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

_____

_____

_____

D.      If your answer is **NO**, explain why not:

_____

_____

_____

3

E.   Is the grievance procedure now completed?   YES ( )  NO ( )

F.   If there is no grievance procedure in the institution, did you complain to authorities?  YES (X)  NO ( )

G.   If your answer is **YES**:

1.   What steps did you take?

I Filed criminal complaints with The F.B.i. at 2111 W. Roosevelt chicago reporting These crimes My Mail was being open These conspirators hired Someone To come see Me At cook pretending To be The F.B.i. and

2.   What was the result?

ignored These complaints They Failed To show F.B.i. Identity and Were Deceived by The False Documents believing They were True and Failed To report This crime To DOJ. and Failed To investigate See All Exhibit M., N., L, K, g,

H.   If your answer is **NO**, explain why not:

_____

_____

_____

_____

_____

_____

4

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: ___NONE___

B. Approximate date of filing lawsuit: ___NONE___

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: ___
___NONE___

D. List all defendants: ___NONE___

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ___NONE___

F. Name of judge to whom case was assigned: ___NONE___

G. Basic claim made: ___NONE___

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ___NONE___

I. Approximate date of disposition: ___NONE___

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.** NONE

In the United States
Northern District of
Illinois Eastern Division

Luis Martinez                                    Complaint
Plaintiff                              Civil Action No._____

V. These defendants are responsible for violating the plaintiff's
rights and are responsible for participating in a chain of conspiracy
that is still existing to perform seperate funtions with the
same subject of the conspiracy in a chain like manner of an organized
conspiracy to commit organized crimes in violation of the title
I X of the organized crime control act of 1970 racketeer influence
and corrupt organizations act (Rico) and are responsible for
engagement of unlawful activities violating the anti trust laws
under (18 U.S.C.A.) 1964 (A) and violated federal statutes relating
to fraud. Making fraudlent statements affecting the United States
Goverment and other agencies conspiring to defraud a making false
statements and misrepresentations affecting the plaintiff and
are responsible for violating federal health care offenses and
what is said in this suit plaintiff is still experiencing on
going harm by the said defendants in this suit.
Defendants:
Schoberw badge # 20542 (PCOH317) Police officer for the Chicago
police department 19th city of Chicago district located at Belmont
and western in his and official and individual capacity acting
under color of the state law.
Ortiz BC. badge # 10016 (PCOE926) police officer for the Chicago
police department 19th city of Chicago district located at Belmont
and western in his official and individual capacity acting under
color of the state law.
Peck Jr. Re badge # 20711 (PCON160) police officer for the Chicago
police department 19th city of Chicago district located at Belmont
and Western in his official and individual capacity acting under
color of state law.
Flores Jr. H. badge # 11161 (PCOS171) police officer for the
Chicago police department 19th city of Chicago district located
at Belmont and Western in his official and individual capacity
acting under color of state law.

Detective Redman Chareles A badge # 20910 (PCON318) police officer from the Chicago police department 19th city of Chicago district located at Belmont and Western in his official and individual capacity acting under color of state law.

Detective Edwards Louis badge # 20755 police officer from the Chicago police department 19th city of Chicago district located at Belmont and Western in his official and individual capacity acting under the color of state law.

Jody P. Weis Superintendent of police of the department of police city of Chicago in his official and individual capacity acting under color of state law.

Sergeant Kane of the internal affairs division of the department of police headquarters city of Chicago located at 3510 S. Michigan Ave. Chicago Il 60653 in her official and individual capacity acting under color of state law.

Geraldine D' Souza assistant states attorney from the people of the state of Illinois by their attorney Richard A. Devine states attorney of Cook County Illinois county department criminal division for the city of Chicago in her official and individual capacity acting under color of state law.

Richard Paull assistant public defender from the law office of the Cook County public defenders Office of the state of Illinois By their attorney Edward A. Burnette of the law office of the Cook County public defenders office for the city of Chicago in his official and individual capacity acting under color of state law.

Deana Binstock assistant public defender from the law office of the Cook County public defenders office of the state of Illinois by their attorney Edward A. burnette of the law office of Cook county public defenders office of the state of Illinois.

1(b)

by the attorney Edward A. Burnette of the law office of the Cook
County Public defenders office for the city of Chicago in his
official and individual capacity acting under color of state
law.

Eileen Pahl assistant publlic defender from the law offices of
the Cook county  public defenders office of the state of Illinois
by their attorney Edward A. Burnette of the law office of the
Cook county  public defenders office  for the city of Chicago
in her official and individual capacity acting under color of
state law.

Taylor C. Scott the 3rd from the illinois state police division
of forensic services located at 3710 East Lake shore Dr. Springfield
Il 62712 for the DNA indexing laboratory in springfield state
of illinois by their govenernor Rod R. Blagojenich for the city
of Chicago in his official and individual capacity acting under
color of state law.

Althea K. Welsh senior counsel from the attorney registration
and disciplinary commission of the supreme court of illinois
of the state of Illinois located at One North old capital plaza
suite 333 springfield Il 62701 for the city of Chicago in her
official and individual capacity acting under color of state
law.

Judge James B. Linn of the Cook County of the criminal courts
building 2650 S. CaliforniaChicago Il 60602 court room 707 for
the city of Chicago in his official and individual capacity.

Judge Hill Arther F. Jr. circuit judge of Cook County of the
criminal courts building 2650 S. California Chicago Il 60602
for the city of Chicago  in his official and individual capacity.

1(c)

Tom Dart Sheriff of cook county circuit courts of criminal courts building for the city of Chicago in his official and individual capacity acting under color of state law.

Detective Grant badge # 5284 detective police officer from the chicago police department 19th city of Chicago district located at Belmont and Western in his official and individual capacity acting under the color of state law.

E.T. Kumiga Kumila badge # 15998 a police officer from the Chicago police department 19th city of Chicago district located at Belmont and Western in his official and individual capacity acting under color of state law.

Luis Martinez
Regno K-89831
Dixon Correctional Center
2600 N. Brinton Ave
Dixon , Illinois 61021

**1(d)**

## V. STATEMENT OF CLAIM

On 01-01-2006 the plaintiff Luis Martinez was trying to commit suicide because he was hearing voices that told him to jump in front of the Blue Line Train at the train station in Chicago. Chicago Transportation Authority (CTA) workers stopped him from being hit by the train. CTA workers then contacted police and emergency crews. Upon arrival the plaintiff was taken to the emergency room at Northwestern Memorial Hospital. The plaintiff was then transferred on 01-03-2006 @ 7:00pm to Madden Mental Institution located at 1200 S. First Ave Maywood Illinois. The plaintiff was admitted as a patient and received psychiatric treatment from 01-03-2006 to 01-26-2006. Doctors discovered that the plaintiff had a long history of mental illness and was diagnosed with paranoid schizophranic and manic depression. The doctor's discovered that the plaintiff was gravely disabled, unable to care for himself and potentionally dangerous to himself. For those reasons the psychiatric doctors and counselors were trying to place plaintiff in a supervision housing unit. To support this conclusion see Exhibit A. Due to the fact that the plaintiff was incompetent and a high risk of suicide and under heavy medication the plaintiff was in no condition to be released without a psychiatric doctor's authorization or treatment plan completed.

ON 01-26-2006 @ 1:30pm several Chicago police officers from the 19th district,Located in Chicago Belmont and Western,

1. Shoberw     Badge # 20542 (PCOH317)
2. Ortiz BC     Badge # 10016 (PCOE926)
3. Peck Jr Re   Badge # 20711 (PCON160)
4. Flores Jr H  Badge # 11161 (PCOS171)

And detective

1. Redman, Charles A Badge # 20910 (PCON318)

Due to these officers plaintiff suffered a deprivation of liberty under the fourth admendment of the U.S. constitution. Malicious prosecution in violation of the fourth admendment plaintiff suffered false imprisonment and false arrest due to racial hate reasons. Plaintiff was targeted by these defendents acting under color of state law. These defendents interfered with plaintiff's constitutional rights and denied the plaintiff mental health

treatment and psychiatric care. Actionable under 1983, for
deprivation of patients' liberty interests in saftey and freedom
from unnecessary restraints and privacy during the course of
mental health treatment at a mental health hospital. plaintiff
suffered under the civil rights act for denial substantive due
process and a violation of the fourteenth amendment occured violations
of residents liberty interest under due process. When plaintiff
was deprived protection by supervisor and psychiatric doctors
at the mental institution who had a duty to protect plaintiff
and stop police from unnecessary state infringement and police
misconduct upon plaintiff right to liberty and privacy while
treatment was not complete. It is a due process duty of employees
to assume special responsibility for mental patient protection
during the course of their treatment under federal civil rights
to saftey and life and privacy through negligence and gross negligence.
Failure of staff at mental hospital to prevent protection against
a warrentless arrest without due process of law and without treatment
being complete and without authorization from psychiatric doctors.
This act showed negligence and deliberate indifference to plaintiff
serious medical needs in violation of the fourteenth amendment
and eighth amendment. Plaintiff suffered cruel and unsual punishment
when employees at Madden allowed the defendants (the previously
named detectives and officers) to conspire amomg each other to
deprive plaintiff of his fourth amendment rights. By making a
unconstitutional warrantless entry into plaintiff's place of
residence to make a warrantless and unlawfull arrest when neither
probable cause or exigent circumstances existed. The police's
action was unreasonable and actionable within the meaning of
1983 illegal seiure of persons right to privacy in within the
home. Officers clearly knew that it is unconstitutional under
the law that their conduct was unlawfull and they clearly knew
that a individual is protected against warrantless arrest within
his or her dwelling. Plaintiff had an legitimate expectation
of privacy while being a admitted patient and resident of a mental
institution.

Officers clearly knew that their conduct violated well
known established federal laws within meaning of the fourth amendment.
At the time being plaintiff was mentally retarded and plaintiff
was required to be housed in medical monitored housing facility
when released. Plaintiff had a right to placement intermediate
care facility for mentally retarded (ICF-MR) for individuals
with conditions related to mental retardation but who are not
diagnosed as mentally retarded. This is a federal right sufficient
for medicaid claimant to state 1983 claim against police for inter-
fering with doctor's orders placing plaintiff in intermediate
care facility for plaintiff mental retardation conditions with
funding from the state and federal goverment. Before officers
made their warrantless entry to arrest the plaintiff at the
institution police had DNA evedence showing that someone else
was responsible for the crime. Police acted with malice and
disregarded and ignored the DNA evedence and falsely arrested
the plaintiff. The city's failure to train and supervise it's
police officers as to requirements of warrantless stops,arrest
and illegal searches and seizures resulted in the arrest of
the plaintiff. The city should be held liable for allowing
and encouraging allegedly unconstitutional arrest in violation
of the fourth amendment, fourteenth amendment,eighth amendment
and any reasonable officer would disagree on the existance of
probable cause existing for plaintiff's arrest. Detective Edwards
louis Badge # 20755 received the follow up investigation of
the sexual assault case according to exhibit B indictment
report. The arrest report shows that the victim was taken
to the lincoln park hospital and medical reports done by doctors
and pathologist established that on April 19th 2005 shortly after
the attack late night Molly Grierson was brought by police detective
Edward Louis to the lincoln park hospital located in chicago
north west side for purpose to be examined and treated. A rape
kit was completed when Molly Grierson was being treated at the
lincoln park hospital. Doctors and pathologist made urethal and
cervical smears during the examination. Doctors collected as
evidence swabs of the vaginal pool and cervix of the victim.

8

During the vaginal examination anal and oral swabs were also
done on the victim and collected preserved as evidence. Because
sperm cells and seminal fluid was found on all the swabs collected
it was entered as DNA evidence in the DNA chain of custody done
by medical staff. Molly Grierson's clothing worn on the site
of the attack was also entered in the DNA chain of custody colleted
as evidence by medical staff because sperm cells and seminal
fluid was found on the victims coat,shirt,pants,socks and underwear.
The presence of intact sperm cells was found and established
the most conclusive evidence of recent intercourse. Police officers
knew that the sperm samples DNA evidence and lab reports created
reasonable doubt that the plaintiff did not commit the offense.
The police had knowledge of this existence because detective
Louis and these police defendants received the lab reports and
scientifict test results identifying the donor of the sperm samples
that was not the plaintiff's DNA profile. The imformation included
the blood type of the semen donor collected from the rape kit.Detective
Edward Louis concealed and hid this exculpatory DNA evidence
that identified someone else's DNA profile from the grand jury.
As part of officer's illegal conspiracy to falsely arrest plaintiff
and to frame him to a crime that he didn't commit. In violation
of (1985) civil conspiracy. Done by racial hate reasons to plaintiff
hispanic race to frame minority  people for no wrong doing. These
officers made up false evidence to accomplish their false arrest
and false imprisonment. They conspired to obstruct justice in
violation of (18 U.S.C.A. 1503) and a violation of the omnibus
clause which clearly forbids all corrupt endeavors to obstruct
or impede the due administration of justice.These defendants
corruptly obstructed and impede the due administration of justice
when detective Louis acting under color of law conspired to bribe
Assistant states attorney of this case. NANcy Wilder who received
a cash payment from detective Louis in violation (18 U.S.C.A. 201B)
(1) (A) in exchange for NANcy Wilder who agreeded to accept
the payment to misuse her official powers after being influenced
by the money payment she participated in the civil conspiracy
with the intent to defraud.

9

She engaged in a corrupt persuasion for the purpose of giving false and misleading DNA results to the grand jury to receive a indictment. False means were used to make a false indictment of this case after being influenced by the bribe. The purpose was to avoid the grand jury and tribunal from learning the true facts of the DNA match of someone else. The plaintiff planned to go to trial with the DNA information. The prosecutors had a duty to disclose to counsel under brady;. A violation under brady; accured when Geraldine D' Souza failed to disclose the DNA report to counsel. She also destroyed, by illegally throwing away, the exculpatory DNA lab reports of the semen done by K.Behle forensic biologist and the DNA test results of Taylot Scott the 3rd of the Illinois state police forensic crime lab. These DNA test results show that the plaintiff was not the semen donor of the rape kit collected at the Lincoln Park Hospital. Plaintiff requested for this information to go to jury trial to support this conclusion see exhibit C. Failure to disclose, upon plaintiff's request, the discovery information found in exhibit C amounted in a constitutional error of a deprivation of the right to a jury trial. This is a direct violation of the fourteenth amendment and the sixth amendment of the U.S. constitution being actionable under (1983). In 1974 amendment to rule 16 eliminated the need for a motion and subsequent court order to obtain such discovery once a request is made the rule provides that the goverment shall permit inspection or copy the results or reports of medical or scientific test results. This material to preparation of plaintiff's defense intended to be introduced at trial in showing that the plaintiff was not the linked to this crime on the basis of the DNA evidence in this case. Plaintiff also made a request to disclose the identity of the witnesses names, doctors, pathologist and physicians who examined the victim at Lincoln Park Hospital. A long with a request of medical records and statements made by doctors regarding their findings during the examination of the victim Molly Grierson. Prosecuters failed to disclose this information requested for to support this conculsion see exhibit D.

The answer to discovery sheet  this information was unlawfully
concealed  from the courts and illegally thrown away by Geraldine
D' Souza so that plaintiff be deprived of the sixth amendment
compulsory process clause which provides that in all criminal
prosecutions the accused shall enjoy the right to have compulsory
process for obtaining ·witnesses in his favor had the undisclosed
..witnesses and medical reports and scientific reports requested
for the plaintiff would had subpeona them to appear and testify
at a motion to squash arrest hearing  to determine if there was
no probable cause for. The arrest held on 03-13-2007 and at trial
because their testimony would have offer the truthfulness  issue
demonstrating that the sperm samples of exculpatory nature was
taken from the victim and the testimony would have also demonstrate
that a rape kit was completed when the victim was examined and
treated at the Lincoln Park Hospital on the same day this crime
was committed. Geraldine D' Souza intentionally nondisclosed
and destoyed this evidence because further examinations of the
DNA evidence and lab reports and testimony of witnesses would
have established plaintiff's innocence. The testimony would have
demonstrated that Geraldine D' Souza for purpose to obtain a
conviction by means of fraud and perjury entered into a conspiracy
with police officers to conceal and for purpose to avoid the
courts from learning the true facts of this case. She willfully
knowing with reckless disregard for the truth made a false document
concealing material fact that the victim of this case was treated
and examined and a rape kit was completed when she was at the
Lincoln Park Hospital on April 19th 2005. Because the rape kit
DNA lab reports showed plaintiff's innocence  Geraldine D' Souza
covered up this fact and falsified in a violation of (18 U.S.C.A.)
(101) (A) by means of trick and scheme by making a false document
conspired to violate section (18 U.S.C.A.) (1001) (A) (3). It
is well settled that when a act violates more than one  criminal
statute the goverment may prosecute here Geraldine D' Souza
participated willfully in criminal activity in violation of fedral
law and criminal statues.

DNA evidence showed plaintiff's innocence and knew the information
lacked probable cause for arrest. Officers acted in bad faith
and conspired to bribe Geraldine D' Souza in exchange for her
to file a false document containing false information that Molly
Grierson did not go to the hospital on the same day that the
crime was committed and that she was never treated or a rape
kit was never completed when she was at the Lincoln Park Hosiptal.

The false document stated, untruely, that Molly Grierson
left the Lincoln Park Hospital after going to the hospital four
days later to be examined for a sexual assault and she was denied
medical treatment by doctors and no examinations or rape kit
was not done because Molly Grierson did not have any medical
insurance to pay for doctors examinations. Detective Edward
Louis also filed a false supplemenary police report containing
the same false information that Geraldine D' Souza wrote in
her false document to stick to the same story to cause unjustifiedly
extended incarceration done by reckless indifference to disregard
to the truth with intent to defraud the court. The false documents
were used as evidence in court. Because of this the plaintiff
suffered a deprivation of liberty, a unconstitutional conviction,
imprisonment and malicious prosecution. This was a violation
of the 4th amendment. Plaintiff was deprived of the right to
be free from racial disrimination and equal protection of laws
due to racial hate reasons to plaintiff's race. Plaintiff was
targeted and deprived of the well known constitutional right
of the 13th amendment under section (1985) to (1986) (A).

Plaintiff did not have a fair opportunity to litigate this
issue in the state court because these conspirators and judges
ignored these issues raised by plaintiff. Officers could not
reasonably believe that there was any reason to believe that
the plaintiff was needed for a line-up.The supplementary police
report, that was illegally thrown away by detective Louis, identified
the actualoffender that committed this crime. Physical discription
in detail proves that the victim had a oppertunity to view the
actual offender while he was committing the crime for a long
period of time under good lighting conditions. When Molly Grierson
reported this crime to police on April 19th 2005 she reported

to police that she looked closely at her attacker's face and
neck. She told police that the attacker had a anchor tattoo on
the right side of his neck, right side of his shoulder and on
his back. She also stated that the attacker had yellowed **crooked**
teeth. This report was illegally thrown away because the report
proved that the plaintiff didn't resemble the attacker that police
was looking for and proved the serious discrepancies between
the physical description of the actual offender that was discribed
by Molly Grierson.Detective Edward Louis unreasonably to secure
a false description of a misidentification at the line-up told
the victim to pick the plantiff out of the line-up and told her
that the plaintiff was indentified  through DNA. Molly Grierson
then picked the plaintiff out of the line-up. Detective Edward
Louis's manipulation and concealment of exculpatory evidence
that proved misidentification that was destroyed deprived plaintiff
of his civil rights under the due process clause. Prior to the
line-up the plaintiff was taken from a mental institution.detained
and placed in a line-up against his will. Police told plaintiff
that no charges had been filed against him. Gross negligents
to a illegal arrest gives rise to a 1983 claim under a fourth
amendment violation and actions under 1983 for a constitutional
violation right to be free from unduly suggestive line-ups because
the illegal misidentification testimony of the line-up was used
in the proceeding of this case to deprive plaintiff of a fair
trial.

Prior to the line-up officers detained and interrogated
the plaintiff for hours without counsel which the plaintiff requested
before, during and after the interrogation. This was a violation
of the 4th S. 6. 14th amendment of the U.S. constitution. Officers
with malice sought to build a case against the plaintiff  due
to the fact that the plaintiff was heavily medicated, mentaly
incompetent and suffering from a psychotic disorder at the time
of his arrest and was not able to understand or comprehend the
nature of the interrogation. Officers conspired and continued
to interrogate plaintiff for the sole purpose to have plaintiff

falsely imprisoned and to find closure for the rape cases in
the Lincoln Park neighborhood known as a high rape crime area.

Kumiga Kumila Badge # 15998 from the 19th district police
station conducted a warrantless and illegal seizure of the plaintiff's
DNA buccal swab while plaintiff was mentaly incompetent and suffering
from a psychotic episode and unable to discern what was being
asked of him. The plaintiff refused to give the swab voluntarily.
The swab was then taken by force. The swab was needed to illegally
and falsely frame the plaintiff for a crime he did not committ.
Detective Grant badge # 5284 from  the 19th district police station
acting under color of the state misused his power and willfully
joined in the conspiracy by police and prosecutors to arrest,
prosecute and imprison the plaintiff. Detective Grant planted
the plaintiff's DNA buccal swab on a different pair of women's
underwear, not the original pair that was collected as evidence
at Lincoln Park Hospital when the rape kit was done. On the basis
of these facts the accountable and before mentioned individuals
and city or state institutions should be prosecuted and held
liable for his / her / their actions in violations of state and
federal laws For proof of this false and fabricated DNA planted
against the plaintiff see exhibit E, F and B.

NANCY WildER and detective Louis conspired together.
Detective Louis testified falsely at the pre-trial using the
false documents (exhibit E). Prosecutor then initiated criminal
proceedings against the plaintiff based on these false documents.
Detective Louis then used the false documents and made false
statements under oath to the grand jury. NANcy Wilder also
offered her fraudlent testimony under oath and presented the
false documents to the grand jury. It was stated that the victim
gave police the underwear that she was wearing on the same day
that this crime was committed. It was also stated that the plaintiff's
DNA was found on the victim's underwear in the form of semen.
Taylor Scott's expert testimony at the probable cause hearing
held on 3-13-07 stated that the DNA  found was a saliva stain
and not a semen stain. To support this fact please review video

14

tape in judge Linn's court room 707 in the criminal court building
for the day of 3-13-07. This testimony supports the plaintiff's
claims that the DNA evidence was planted.

To establish participation that these defendants conspired
to file forged documents  plaintiff attaches these documents
as exhibits. Plaintiff received these documents from the city
clerks office in Cook County after paying a fee. All court documents
in the legal custody of the clerks office regarding to the plaintiff's
case have no certification and are not stamped or dated as to
when they were filed or received by the clerk or when they were
entered as evidence showing seal of the court with the clerk's
signature. These documents show there is no proof of the official
record as to when these documents were produced. This establishes
the invality of these documents.There is also no date on the
documents showing when these statements were written down. There
is no exhibit # to verify the exhibit counsel and the state prosecutors
were stipulating to offered as evidence. These documents were
not certified as a county court records and do not contain the
signature of the clerk or the court letterhead certifying that
these documents are true and correct copies. These documents
were not signed by the judge as certified copys of the Cook County
Court records.

The requirement that documents be certified as correct
means of the authenticating official must certify that the copies
delivered to the court is an accurate copy of a goverment record
tosatify rules of the certified copies of public record. Certification
by the clerk having legal custody of the record is a requirement
that must be satified and in this case that was not proven.

Police and Garaldine D' souza offered a bribe to two public
defenders from the public defenders office of Cook County by
the name of Richard Paul and Deana Binstock who received a money
payment in return for their official acts to deprive the plaintiff
of the right to counsel in violation of the 6th amendment of
the constitution. The plaintiff exercised his right to report
and to file complaint against both attorneys with the attorney
registration diciplinary commission.

Althea K. Welsh senior counsler for the registration and disciplinary commission of the supreme court of Illinois suppressed evidence found through her investigations conducted on both attorneys after receiving many complaints filed to her and evidence showing that Richard Paull and Deana Binstock committed serious crimes such as fraud, deceit, misrepresentation and participated in a chain of conspiracy. To support these facts and to show that the plaintiff took all the reasonable steps and exhausted all available remedies to show a miscarriage of justice see exhibit 6. These are letters of Althea K. Welsh, acting under color of law after being influenced by the bribe and finding evidence that both lawyers committed misconduct and serious crimes, promised both lawyers that she would not disclose the evidence of their corruption to the public or to the courts. These actions kept this case from receiving a fair trial and covered up their criminal activity. The failure to disclose and the material misrepresentation of the true facts of this case done by counsels should be corrected. Please reveiw all the complaints that the plaintiff has filed with her. Althea K. Welsh had knowledge of the fact that detective Grant planted a diffrent pair of underwear with the plaintiff's saliva sample on it for the sole purpose to use it as evidence and to be misrepresented as semen after the original underwear was thrown away. Richard Paull wrote a false document attorney work product sheet in exhibitf concealing the true facts of this crime. Concealing material facts is a violation of (18 U.S.C.A.) 1001 A (1) making a false or fictitious or fraudlent statement (18 U.S.C.A.) 1001 (A) 2 in violation of (18 U.S.C.A.)1001 (A) 3 committing a crime of making and using any false writing or document and in violation of (18 U.S.C.A.) 1503 committed a crime of obstructing justice. Detective Grant badge # 5284 is a technician with intent to deceive that 4 days later Grant arrives at the victim's home after she reported this crime 3 days later to police and Grant finds a pair of underwear on the floor of the victim's college dorm room with the plaintiffs' semen stain on it.

Richard Paull wrote this attorney work product sheet and admitted
it into evidence knowing that exhibit F contains false fraudlent
statements and he had actual knowledge that those statements
were untrue. The courts were mislead to believe that the plaintiff's
semen stain was recovered from the underwear.

   The false documents by Richard Paull actually succeeded by
deceiving the F.B.I. , the courts, judicial inquiry board, ARDC,
general inspectors and other agencies to believe the fraudlent
statements thus covering up the true facts of this case. Detective
Grant is actually not a laboratory technician, to support this
fact see exhibit D answer to discovery page 1 circled shows that
Grant is truely a detective see exhibit F. The attorney work
product document done by Richard Paull covers up by trick and
scheme to conceal the fact that detective Grant helped Geraldine
D' Souza destroy exculpatory DNA evidence and planted a pair
of underwear into evidence with plaintiff's DNA buccal swab on
it. Due to the fact that the plaintiff is a secretor plaintiff's
blood type was able to show on the planted underwear Richard
Paull participated as a aid and abettor and is criminaly responsible

For Aiding and Abetting in The Commission of A Federal offense
When Richard paull Assisted Detective grant in The commission
of A crime causing False evidence To be planted willfully
conspired To defraud by Making False Documents Making
False pretenses That A pair of WOMENS underwear was
Found 4days later At The victims college Dorm Floor
Apartment when police Return To The victims home To
Search For evidence To support This conclusion That
A pair of womens underwear was planted and used for
False evidence NOT The original pair of underwear
collected at The lincoln park hospital when The
RAPE KIT was completed late Night on April 19,2005

Underlined and circled See exhibiT D, ANSwer To discovery Sheet Inventory number in page 2 ## 10520806 1 pair of womens underwear See exhibit E. ATTorney work product Sheet Done by Richard PauLL. regarding The chief evidence Of This case Done by geraldine D souza prosecutor 4/22/05 Inventory 10520806 After The underwear was planted police used and File A False inventory number The attorney work product ALSo clearly proves ThaT Molly grierson Was Taken To The hospital by police late Night 4/19/05 See Also exhibit E. Arrest report page 2 of 5 clearly will prove with further Investigation To this case The Falsity ThaT Molly grierson did not go To The lincoln park hospital On April 19, 2005, and was defrauded For purpose To conceal and hide The true Facts because of

Racial hate REASONS and To prevent plaintiff From presenting This MatTer in The civil courts All Evidence of exculpatory Nature was illegally Thrown Away RApe KiT collected at The hospital. Names of DocTers who conducted a RApe KiT The Swabs ThaT Contained SEMEN of someone else collected at The lincoln park hospital Medical reports and statements Made by DocTers who examined Molly grierson laboratory reports of The RApe KiT results All Identified ThaT someone else COMMITT the Sexual Assault For This reason it was Thrown away

18

IN Accordance with general rules of Evidence IN AN Action based on A conspiracy any competent evidence which is Material and relevant To an issue in The case or which Tend To establish some one or More of The Element of The cause of Action alleged is Admissible., plaintiff would like To offer Exhibit H., as evidence To establish That offered false evidence In A False Stipulation Document That Was invented Filed illegally with The clerk of The court This Document was Done without plaintiff Authorization or consent To stipulate his Rights To challenge The DNA evidence. and was Done by

Malice To give plaintiff A unfair surprise at the probable cause hearing Motion To Squash arrest hearing held on 03/13/07 with further investigation To This case and A Document examiner Would prove That This Document is Forged and False and has No certification and Not Stamped and Dated Showing when The clerk Entered The Document into evidence and shows No Seal of The clerk as certified as A county record and is certainly unreasonable why The certification Requirements were Not established To certify copies of public Records rules

19

There is Also A requirement that before an exemplar may be offered into evidence of A Document opposing counsel must be afforded a pre-trial opportunity To inspect The Document Richard paull and Deanna Binstock, Never Made A request for Taylor scott original DNA laboratory Reports and his Identity TO Be disclosed because the Reports and Results of Taylor scott examinations ON The planted underwear revealed that The type OF DNA sample on the underwear Was NOT Semen for this reason NONE of his laboratory results reports or Identity was concealed from The Answer TO discovery sheet

Please review The videoTape in Judge linn court room 707 for the Day of 03/13/07 The

court would discover That Taylor scott Testified That The type of DNA sample found on The womens underwear in Inventory 10520806 which is The underwear prosecutors used for A conviction and Misinterpreted as Semen Knowing That The type of stain on the underwear Was in fact the Saliva sample Detectives planted showing plaintiffs blood type Due TO the fact that Richard paull and Deanna Binstock are Members of this conspiracy both refused TO Make A request for Taylor scott expert Testimony TO be disclosed in The Answer TO discovery.

20

For purpose To Defraud plaintiff which plaintiff Was forced To obtain discovery information and file A request in court Through Rule 16. Requesting The prosecutor To disclose The Identity. Notes. and Testimony chain of evidence of The person Who placed in inventory 105 20806 the 1 pair of womens underwear found 4 days later planted as evidence in The chain of custody and Taylor Scott expert Testimony which was Not disclosed in The answer To discovery and this evidence was used as chief it was Not disclosed because No Technician found a pair of underwear 4 days later and proved That Detective grant planted A pair of underwear and that Thier is No Technician by The Name Of grant for This reason E.T grant Identity INExhibit F. JobtitlE NAME badge number was Not disclosed in The answer Exhibit D To discovery which proves The falsity of This case Rule 16 require the goverment

upon request To disclose its intent To rely On expert Testimony, as well as The content and bases of such Testimony state relied on Taylor scott false Testimony and Taylor scott false documents Made AT The sentEcing hearing To obtain a wrongful conviction and failed To disclose information requested under Rule 16 Exhibit C, information said in suit

21

Under Rule 16 such disclosure Applies TO witnesses
The goverment intend TO call and MUST be in FoRM
OF a WRITTEN SUMMARY These were prosecutors
called TO TESTIFY geraldine D'souza bribed judge linn
TO ignore plaintiff discovery rEQUEST under Rule
16, and TO Deny plaintiff petition Knowing that this
information was Needed TO go TO trial because
plaintiff did not plan TO plea guilty plaintiff
repeatedly Ask For DNA Testing since Day one
After judge linn was influenced by The bribe
plaintiff was Denied DNA Testing and Deprive of
The right TO examine The false DNA evidence
With his own Appointed experT the information

plaintiff rEQuested For preparation in his defense
was material evidence in establishing his innocence
it was immediately suppressed by geraldine D'souza
State prosecutor TO continue TO maliciously prosecute
plaintiff IN violation of The 4th Amend
OF The U.S. constitution AND Deprive
plaintiff The RighT TO DNA Testing
With his own experT deprivation of
Due process

22

plaintiff suffered a deprivation of the right
to Access to the courts which is protected
by the due process clause of U.S.C.A. CONST.
Amend 14, and is Also part of the right
to petition protected by U.S.C.A. CONST Amend 1,
Due to the deprivation of discovery plaintiff
requested for plaintiff was unable to pursue
his legal claim and deprived plaintiff right to
Meaningful Access to civil courts when these
conspirators destroyed evidence said through
this suit upon plaintiff request to stipulate
by Agreement to false evidence and plaintiff

was being subjected to prosecution because officers
and prosecutors and forensic scientist All
withEld exculpatory evidence to deprive plaintiff
of Due process of Not being Able to present
his case constitute A denial of Access to
the courts because plaintiff was Not given the
Materials he Needed necessary to Afford
reasonable Access to the court and gave A
Opportunity to allow Deana Binstock, and
Richard paull to give A bribe to Taylor
Scott in exchange for Taylor Scott to

23

conspire TO defraud and TO make alleged
concealments of the true facts of this
case created A False representation of
the DNA evidence of This case and changed his
Testimony in open court in a manner consistent
with prosecutor False case by Filing A False
document report To connect plaintiff with
This crime on the Basis of False DNA
evidence After Taylor Scott on 03/13/09
Testified The type of DNA sample on The
womens underwear was NOT Semen Deana Binstock
handed Taylor Scott The False Stipulation Document

and Taylor Scott then changed his Testimony reading
out what was Falsely written in the
Stipulation Document that was False offered
The False writing into evidence Knowing that
The Document was forged False untrue
Taylor Scott conspired To violate (18 U.S.CA 1001(A)
(3) When Taylor Scott filed and offered This False
Document in Exhibit I After being influenced
by The bribe skinted this report To support police
and prosecutors Illegal theories The case
rested on This False evidence

24

plaintiff suffered false arrest and imprisonment
when Taylor scott offered his false document
making fraudlent misrepresentations plaintiff moved prose
prior in the pretrial proceeding in A Motion in
limnie To exclude Taylorscott admitted false
documents and perjured Testimony of No probative
value for plaintiff could go To trial Judge
linn failed To Rule on this Motion because
linn planned to use the false evidence aT
Trial and allowed conspirators To present this
false evidence To secure A wrongful conviction
    Due To the Fact that linn is A member
of this conspiracy failure To ACT and Rule
   on the Motion in limnie for 2 years in A
half amounted To A deprivation of constitutional
right Actionable under 1983 and A miscarringe

Of Justice occured Judge linn Acting under his
  official and individual capacity participated in
the conspiracy after being influenced by A bribe
   from conspirators ignored plaintiffs petition of
Mandamus Relief compelling The courts for DNA
   Testing and compelling geraldine D'souza To
disclose The exculpatory DNA evidence said in suit
was not heard atall       25  The plaintiff Mandamus petition in
                               Exhibit N, Rather ignored for 1year

For plaintiff could be Acquitted of these false charges or could use it as A defense at trial Judge linn did not Rule on plaintiff petition at all for 1year The Mandamus brought Actions Against All conspirators said In this suit in the state court The petition Also requested for a injunction relief To stop The proceeding of the prosecution the Facts said in petition is Also said in this suit The Mandamus Also was A request for the chief judge

To disqualify Judge linn who had knowledge of The ongoing conspiracy and failed To stop it having the power To TAKE Action failed To do so instead Judge linn the Mandamus Showed evidence Through the Actions filed and Facts That Judge linn participated in the conspiracy done by Racial hate Acting under color of State law conspired To make false Judgement To commit Fraud To cover up others criminal Activity Judge linn filed false documents and used it in open court

, 26

and Allowed These conspirators Q This suit
geraldine D'souza, Taylor scott 3; Richard paull
Deaney Binstock, police Detectives To continue To
engage in the criminal Activity said through
This suit in order To secure a wrongful
conviction and frame plaintiff To This crime
plaintiff did not commit by means of Retaliation
after learning that a investigation and evidence
was found that Judge linn engaged in corruption

by Kathy D. twine executive Director general
counsel from The Judicial Inquiry board
brought To Judge linn Attention that plaintiff

filed complaints supported by facts and evidence that showed
Judge linn found probable cause for plaintiffs
Arrest when Deaney Binstock Assisted Taylor scott
To offer The false stipulation Document and
Testify falsely prior To that linn had knowledge
that Taylor scott reading out his original Notes
made Testified The Testimony said through This
suit and After Taylor scott received this
false document his Testimony was changed
in front of Judge linn who was laughing

·27

and allowed this to happen because linn was paid to do so for corrupt Judgement of probable cause could be made Kathy D. twine Investigated this matter and the motion Transcripts of 03/13/07 and videotapes in judge linn court room for this day when this incident occured She discovered that plaintiff was saying the truth and brought this to Judge linn attention acting under color of state law Kathy D. twine Failed to report Judge linn for corruption because Judge linn offered a bribe to kathy D. twine who Accepted it in return for her Not to discipline/report Judge linn corruption and to keep it

in secret and close the investigation to prevent Judge linn from being sued and his corruption being disclosed to the public Judge linn then

allowed Deana Binstock., and Richard puull to disqualify themselves without a motion, both disqualified themselves from representation on 03/13/07 same day both assisted Taylor Scott to offer in evidence to be use at trial thier false Document, perjured testimonies, they falsely Stipulated to

28

A public defender by the name of Dan Florey was Then Appointed from the public defenders office by Judge linn TO continue TO Act in concert and TO provide Misrepresentation plaintiff Told Dan florey what both public defenders Deana Binstock and Richard paull had DONE DAN florey immediately Ask for The Motion transcripts on 03/13/07 TO reveal The corruption at trial and report iT Judge linn offered a Money bribe To Dan florey a Assistant public defender from the public defenders office of cook county DAN florey refused To Accept The bribe offered for purpose To participate in The conspiracy To falsely imprison

plaintiff and To conceal and hide The true facts of this case provide Misrepresentation, conceal and hide Judge linn corrupt Judgement DAN florey refused To participate in the unlawful plan and continued TO Ask for The Motion transcripts Judge linn Then disbarred DAN florey from The public defenders office Judge linn for purpose To cover up his criminal Activity of false corrupt Judgement evidence Found by The Judicial INquiry board Judge linn without Authorization conducted a personal investigation into the evidence of this case

29

See Exhibit M, Page 004
From 08/30/07 To 10/11/07 Judge Ann conducted
A personal investigation and Altered and removed
Taylor scott exculpatory Testimony That said the
Type of DNA Sample was NOT semen To cover up false Judgement
his criminal Activity Judge linn Then filed a False document
During his personal investigation into the facts of this
case That stated falsely that plaintiff semen was
found inside Molly grierson vAgina when A rApe kit was
completed at the lincoln park hospital Knowing thatT
This was false offered it into evidence in open
court in retaliation for revealing his corruption
To The judicial Inquiry board Judge linn was
Acting in the course of his duties when he made
deliberately Misrepresentations offering false evidence
To deprive plaintiff of A fair trial To Secure

A conviction and Should be liable for conspiring
To defraud, Accepting Money bribes To Make
false pretenses of this case Assisted police and
other conspirators To File falsified police reports and
other false documents resulting in deprivation of
life liberty and Secured false imprisonment
and States A cause of Action under 1983
plaintiff exhausted all remedies see exhibit K

30

Sergeant Kane from the INTERNAL Affairs division was Assigned TO conduct a investigation TO the police Misconduct committed by arresting officers and Detectives involved in This case of the said criminal Activity said officers committed in this suit Sergeant kane has been investigating This matter for 2 years Now under color of state law in her official capacity participated in The chain of conspiracy after she learned, Through plaintiff complaints That More and More conspirators were participating in the conspiracy TO cover up police corruption using The code of silence after sergeant Kane was given a Money bribe by police and Detectives of this case sergeant kane conspired TO deprive plaintiff of liberty and conspired TO

Falsely imprison plaintiff when sergeant kane illegally Threw away her Internal Affairs original evidence found in her investigation files Because The evidence sergeant kane found during her investigation warranted police TO be disciplined and showed the corruption Said officers committed Through This suit

31

and evidence serg(O)T Kane discovered i(O)her investigation showed That The said police in This suit committed perjury in violation of (18. U.S.C.A) 1621 (1) and Made False Declarations before court and and grand Jury in violation of (18 U.S.C. 1623) sergeant Kane internal Affairs files showed That Detective louis willfully Made False Knowing Testimonies To The grand Jury To Receive A indictment See Exhibit B, pAge 5 Testimony of did The victim give police The underwear That she was wearing on That day yes, The defendant Detective louis knew This Testimony was false and material in violation of Section 1623 of Title 18 of The United States code, and The Falsity of The Testimony influenced The grand Jury To believe That The victim Molly grierson gave police The underwear That she was wearing on The That day. The crime was committed, and on The same day The crime was committed with The plaintiff's Semen DNa recovered from The victims underwear This Testimony was used as case in chief and The Misrepresentation related To aN important True Fact. That was concealed These conspirators edward louis, geraldine D'souza, Taylorscott 3, Quintanpitluck, Richard pauLL, Deana Binstock, Judgelinn, All under oath and WRITTEN in false documents had Knowingly Made two and More declarations That were False statements regarding The Same subject of The underwear and

All Thier Testimony Made under OATH are inconsistent and diffrent from each other To Such A degree ThaT show The Falsity of This case and edward louis, Nancy wilder False Declarations Made before The grand Jury here in Exhibit, E, Arrest report shows in pAge 2 of 5

That Molly griersen was Taken To The lincon park hospital late night See exhibiT F, and exhibiT E, were Molly grierson was treated and examined on April 19, 2005 Shortly AFter The ATTack in Fact Detective edward louis WAS The Detective who Took Molly grierson TO The lincoln park hospital on April 19, 2005 Detective louis knew That The Medical Doctors at The lincon park hospital collected Molly grierson underwear on April 19, 2005 Same day This crime was committed after A rape kit was completed when Molly grierson was being treated and examined, aT The lincoln park hospital Detective edward louis Knowing Made A False statement TO The grand jury under oath when

he responded That Molly grierson gave police The underwear She worn on The site of the ATTack shortly AFter the crime was committed. The False statement Deceived

The grand jury To believe This geraldine D'souza Then Made A False declaration in her documents inconsistent with edward louis statement To the grand jury saying That E.T. grant recovered 4 days later A pair of womens underwear from The victims college Dorm when E.T. grant returned TO Molly grierson home AFter The crime Scene TO Search for DNA evidence She Then wrote A False document used for prosecution inconsistent and diffrent with edward louis and Nancy wilder False statements given TO the grand jury Detective edward louis Acting under color of State law in violation of The Hobbs Act, bribery

33

(18 U.S.C 1951) made A corrupt payment TO Sergeant Kane, geraldine D'souza, Richard pauLL, and Deana Binstock, Taylor Scott 3, Judge linn Who All Agreed TO Accept For purpose To influence Thier performances in Thier public duties All Made FalSE WRITTEN DOCUMENTS and Used Them Knowing The FalSE DOCUMENTS contained Misrepresentation and FraudlENT StatemENTS of The evidence of This case and concealed The True FACTS ThaT were Material done For purpose TO avoid from Telling the truth ThaT The Original underwear ThaT moily grierson worn on The SITE of The ATTACK Was collected aT The lincoln Park hospital and Was NOT handed TO Detective edward louis on The SAME day this crime Was commiTTed, this evidence and RApe KIT evidence WAS placed in the DNA chain of custody on April 19, 2005 By medical Doctors and Was TESTed Showing A DNA match of someone else and Was Then illegally Thrown away For This reason

FalSE documenTS, False StatemENTS, FalsE declarations before The court and jury Was Made With reckless disregarding The truth WillFully giving misrepresentations Sergeant Kane Acting under color of State law Conspired TO obstruct justice With reckless disregard TO Misconduct of Police officers Knowingly Accepted A bibe by Detective Edward louis TO influence sergeant kane TO cover up edward louis and police officers evidence Found by sergeant kane Showing The corruption Police committed said in this suit Sergeant Kane Knew the internal FILES were subject TO Subpena BeFore trial Showing plaintiffs FalSE arrest With Corrupt intent sergeant kane WithhoId The internal Files From plaintiff and destroyed Them by Adding False documenTs providing False misleading information To cover up police wrong doing

34

Sergeant Kane Never responded TO plaintiff letters plaintiff Then contact Jody p. weis Superintendent of The chicago police department and informed Jody p. weis About police corruption and Detectives corruption and Sergeant Kane corruption Jody p. weis had knowledge also of the wrongful conspired Acts sergeant Kane has Done Jody p. weis violated the civil Rights Acts, 42 U.S.C. 1986 for Neglect TO prevent officers and Sergeant Kane wrong conspired Done

and TO be done Deprivation of Mentioned Section 1985 Jody p. weis refuse TO investigate and stop Sergeant Kane Sergeant Kane wrongdoing and police wrong doing and Acted with reckless disregard TO conduct of police officers failure of Jody p. weis Acting under color State law in his official capacity within the Meaning of 1983 conspired with police officers and sergeant Kane TO continue TO Act in concert failed TO investigate plaintiff complaint Addressed TO hIM, failure TO discipline Sergeant Kane and failure TO stop conspiracy having the power TO do so deprive plaintiff of his

~~34~~ 35

civil Rights Due To The Fact that Jody P.
Weis Agreed To Join in The conspiracy in
Agreement with police TO accomplish False imprisonment
TO deprive plaintiff of his civil rights based on
racially discriminatory Motive and discriminated plaintiff
because of his Mental disability jody p. weis
Agreed To cover up using the code of silence
Police corruption having Knowledge of thier wrongdoing
could have stop The conspiracy failed TO TAKE
Appropriate disciplinary Measures TO prevent iT
and TO prevent False imprisonment plaintiff
reported this crime TO THE F.B.i U.S. Department
OF Justice in washington D.c. 20531 The F.B.i.


Then Appointed Sergeant Robert vanna a investigator From
The Department of police TO investigate The Same
Case No. 1007001 sergeant Kane was Assigned To investigate
but instead Joined in unlawful conduct Sergeant Robert
Vanna was Assigned ALSO TO investigate Sergeant Kane
For The complaints plaintiff had Filed Against her For
ENGAGEMENT OF Criminal Activity DUE TO the Fact
That police wrongdoing was covered up by Jody p. weis
and Sergeant Kane FALSE documentation's Added in
The INTernal files                    38

Debra Kirby under The color of State law in her official capacity within The meaning of 1983 Accepted A bribe from The police defendants, and detectives, Sergeant Kane, Jody p. weis received complaints filed against Sergeant Kane of The Internal Affairs Division who was Instructed and Assigned To investigate The corruption of The police and detectives said in This suit officers committed sergeant Kane has received a bribe To offer misrepresentations and False evidence in her internal Files after conspiring with police To cover up thier criminal Activity and To conceal evidence sergeant Kane Found in her investigation That police withheld destrayed exculpatory drug information and evidence That were concealed and suppressed when The False arrest was Made Debra Kirby was appointed by jody p. weis superintendent of police To investigate Sergeant Kane concealment of police activities and refusing To disclose internal Files and refusing To turn over TO

plaintiff and prosecutors exculpatory information Found in her investigation That proved plaintiff was falsely arrested by police Debra Kirby was bribe by sergeant Kane To conceal and suppress and hide evidence Debra Kirby Found Through her investigation on sergeant Kane That revealed That sergeant Kane was bribed by police To cover up Thier corruption said in This suit in exchange for her not To disclose her internal Files providing information To support The criminal Activities police committed said in Throw all of this suit and supported plaintiff civil Rights were violated TO Make a False arrest police concealed, suppressed Destroyed planted False evidence having A obligation To turn over Exculpatory evidence did all The Above said That affected plaintiff from having a Fair trial and was not seperate from trial Debra Kirby was bribe To File False letter Exhit L. To cover up police criminal Activity. 38

Federal Judge Qwayne R. Andersen Denied plaintiff hebeas corpus relief and refused to enjoin in the State prosecution on grounds that plaintiff has not Sought Relief from the trial court or supreme court to support the conclusion that plaintiff did Ask the Supreme court to stop the criminal Prosecution on the grounds of what is said in This suit to prevent a wrongful conviction because plaintiff plans to go to trial but under these circumstances said in this suit plaintiff is unable unless the false evidence of No probative value is excluded wayne R. Andersen

without No investigation to plaintiff case to See if he sought relief from the state court or Supreme court which plaintiff did to support this conclusion look at exhibit M. which are Agency and courts plaintiff revealed this corruption to and Ask to conduct investigations and Intercede by Stopping This case from going to trial with false planted evidence plaintiff hebeaus corpus was ignored by Wayne R. Anderson and not investigated and resulted in A Miscarriage of Justice of continue Act of criminal Activity by conspirators That lead to false imprisonment

38

Tom dart cook county Sheriff acted with deliberate indifference To plaintiff serious Mental health Needs IN violation of the eight AMendMent, Fourteenth Amendment of the U.S. constitution Due process Clause of The Fourteenth AMendment Rehabilitation Act of 1973 29 U.S.C. 794 (A) and by TITLE II of The Americans with Disabilities Act, 42 U.S.C. 12131 et. Tom dart cook county Sheriff was aware that During plaintiff pre-trial incarceration AT cook county jail awaiting trial plaintiff was ordered by psychiatric Doctas luke and Dr. brund at cook county To remain while awaiting trial at The Residential Treatment unit hospital Mental Institution

at cook county For only Mental ill patients awaiting trial Dr. luke ordered that plaintiff that

plaintiff be provided with pro scribed course of Treatment plan due to the fact that plaintiff is DiAgnosed with Schizophrania and was Arrested at a Mental INstitution plaintiff was NOT Stable To be Moved To general population which prevented plaintiff from functioning in general without disturbing others Due To his Severe illness at the time plaintiff was recommended To stay at Rtu.

39

Tom dart acted in deliberate indifference to plaintiff
Serious Mental health needs when Tom dart transferred
Plaintiff by means of Retaliation for placing his
Name in The hebeaus corpus filed conspired with
others said in This suit To deprive plaintiff of
Mental health treatment To make plaintiff UNFIT
To stand trial. plaintiff was transferred without
Doctors Authorization To Maximum security Dorm

Away from Dorm setting were plaintiff was being observed
24 hours of the Day AT division 10 Maximum
Seurity Mental health treatment did NoT
Exist aT all plaintiff Was given the wrong
Psychotrophic Medications Was NoT given his

Psychotrophic Meds Daily Dr. brand recommended in
order for plaintiff To be FiT To stand trial
And stable plaintiff was ordered To receive daily
his medications and And Therapy in order for
plaintiff To be stable plaintiff was NoT
given any medications or No Therapy To stable
Plaintiff disorientated Due to the lack of
Treatment Quinton pitluck conspired
with Taylor scott, Thomas DarT To deprive
40

plaintiff of medical care and acted with deliberate indifference to plaintiff need and moved plaintiff To general population) were mental health care did not exist at all whatsoever public defender Quinton pitluck had knowledge That plaintiff was Not being given The psychiatric Treatment ordered by doctors at general population For The purpose To make plaintiff incompetent plaintiff was unfit Due To the lack of Treatment plaintiff

had deteriorated by main of Retaliation plaintiff was Transferred To be denied psychiatric care and Quinton pitluck conspired To make A plea Negotiation while plaintiff was unfit To find closure To This case plaintiff withdrawled his guilty plea through a Motion filed within 30 days of The plea Arguing due process was violated when The Judge relied on Materially False unreliable information of Taylor Scott False scientific results presented and geraldine False Testimony based on The False document she filed

41

plaintiff has also challenged the conviction and because plaintiff has chosen NOT to plea guilty and go to trial prosecutor geraldine D'souza A Member of the conspiracy is still in the proceeding of this case and has threaten plaintiff To increase the state charges solely because plaintiff chooses NOT TO plea guilty constitute vindictiveness geraldine See Exhibit N, plaintiff has also filed these Motions with his Motion TO withdrawl guilty plea TO correct a Miscarriage of Justice challenging the plea NOT given knowingly and Willfully and voluntarily plaintiff requested for the

trial court transcripts file TO be provided TO the Indigent plaintiff One of the Reason the transcript was Needed was TO avoid and ensure the transcript Was NOT being Altered or destroyed The court Judge Arthur F hill JR. participated in the conspiracy and joined in the commission of criminal Activity when he Accepted A bribe from Judge linn TO cover up linn criminal Activity See Exhibit M the clerk of the circuit court gave Judge linn The Motion filed

48

Emergency petition Or writ of Mandamus & Injunction relief
bringing Actions in The state cow't Against These defendants
Said in The suit including Judge linn showing evidence that
A Tort was committed and evidence of this conspiracy was
raised and shown of The conspirators as joint Tortfeasors
This Motion was addressed To the chief Judge of the criminal
courts building Judge linn was forbidded from receiving this
Motion because A Mandamus was filed with this requesting
for Judge linn To disqualify himself and the Motion showed
That Judge linn by Racial Means in his official capaticity
Acting under color of state law participated in the ongoing
conspiracy because plaintiff engaged in protecting his Rights
In violation of The 1 Amendment for filing complaints and revealing
his corruption To The Judicial Inquiry board Kathy D. twine
Judge linn Accepted A bribe by Means of retaliation To deny

plaintiff due process of law Due To The fact That Judge linn
learned that he was A defendant in The Mandamus and
Actions were being filed Against him for alteration of Motion
Transcripts That he failed To disclose To complete his alteration
Motion Transcripts of Squash arrest held on / 03-13-07. and
conducted A personal investigation To this case After learning
through Motions filed by the plaintiff That were Not heared or
ruled Showing false documents Attached as exhibits that were
Not certified by The clerk or No certificiation on the
Documents existed Judge linn altered and change The
docket sheet record To indicate false certificates and
false certifications after The clerk forward the Mandamus
Motion To Judge linn Attach with plaintiff letter prohibiting
The clerk To forward the Motion To Judge linn she failed
To give it To chief Judge and by Malice gave it To

43

Judge linn To cover up his criminal activity look at exhibit M,
05/12/08 The motion was assigned to be heard but wasn't
This motion of Mandamus Ask the court To compel The state's
Attorney To forward The evidence said in The subpeona in
exhibit N, For plaintiff could go to trial and To stop a
wrongful conviction From happening plaintiff ordered DNA testing
and showed that these conspirators Agreed with one another
in the commission of A conspiracy To falsify the evidence
of this case and all said Through this lawsuit acting
under color of State law and in thier official capacity
Judge linn Then After receiving the motion by the clerk
illegally Knowing that it was NOT supposed To go To Judge
linn who made a copy of it and Took off work 05/07/08
05/29/08 see Exhibit M, and bribed Arthur Hill F.JR

A African American Judge was Appointed by Judge linn and
NOT The chief Judge after Judge linn received The Mandamus
and learned that his Actions were done by Racial Animus
he Appointed A Judge of color To cover up that Fact of his
Racism and To Mislead That Judge linn is NOT Racist he
Also influenced Judge Arthur hill JR. To Accept The bribe
which he Accepted To promise Judge linn that in exchange
Acting under color of state law and his official capacity
Conspired with Judge linn and Quinton pitluck public defender
who was representing plaintiff and tomdart cook county
Sheriff To deprive plaintiff of psychiatric treatment Retaliati
on plaintiff For filing Actions in The Mandamus Transferred
The plaintiff away From a seperate living unit he was ordered
To Stay and Await trial ordered by psychiatric Doctors

44

written policy and procedures provide that inmates receive
clearance by health care personel with regard to suitability
for travel before transfer to another facility or substantial
travel for other purposes, here plaintiff was transferred without
any reason only to cause harm on plaintiff to deprive plaintiff
Psychiatric treatment to make him unfit and trick plaintiff
To plea guilty while unfit to stand trial or unfit to be
Sentenced plaintiff was ordered by psychiatric Doctors Dr. brand
and Dr. luke. while the plaintiff was at cook county awaiting trial
plaintiff was to be housed in Division 8 a Mental health
institution for Mentally ill inmates only who are to be Monitored and
closely observed 24 hours of the day Dr. ordered that plaintiff
be given at DIV8 in order to be Stabelized to stand trial
and fit special programs that Existed for plaintiff severe
emotional disturbances that required close Medical psychiatric
Psychological and habilitative supervision a-treatment plan was
Approved that plaintiff receive supervision which officers
were watching plaintiff 24 hours of the day in his living unit
for his high Risk of suicide. plans for care group therapy
Was approved and appropriate to stabilize plaintiff Daily

Medications and counseling consultations, where there
are seperate units living units for inmates with severe
emotional disturbances which plaintiff suffers from and is
Now in Dixon S.T.C. special treatment center Receiving psychiatric
Treatment a prision unit only for Mentally ill patients who require
Mental health treatment beyond resources available and
care, supervision, and Mental specialist, who can Identify
Mental illness are assigned to those living units That are
Seperate for inmates with severe emotional disturbances
Doj standards require that written policy and procedures
require that inmates with acute or chronic illness
including psychiatric illnesses) who require health care

45

beyond the resources available to the facility an interdisci plinary treatment and procedure require that inmate with acute or chronic illnesses including psychiatric illnesses who require health care beyond the resources available to the facility are transferred or committed to a facility where proper care is available None of this said in the suit that Dr. required and Approved for the plaintiff to receive to be stabilized and fit to stand trial as part of his treatment plan while at cook county awaiting trial was not given to plaintiff at the New Facility were he was transferred in cook county maximum security Division 10, and a unconstitutional transfer was made for purpose to deprive plaintiff the treatment plan psychiatric Doctos ordered by means of Retaliation in the facility plaintiff was transferred by Tom dart after having an agreement of all other conspirators to provide plaintiff with strong psychiatric medications nonconsensual of someone else plaintiff then was given his medications psychotric medications not daily not on time and not by a prescribed physician who has examined plaintiff. Written policy and procedures require that psychotrophic medications are prescribed only by a physician who has examined the inmate the person who was given medications to plaintiff was not y physician or did not examine plaintiff plaintiff deteriorated and was suffering daily from schizoeffectives disorders post traumatic stress symptoms, depression. due to the lack of Treatment plan that did not exist in Divlo Doctor order to stabilize plaintiff to be fit to stand Trial.

46

plaintiff was NOT being supervised 24 hours of the day
like Doctor ordered for his severe suicidal Tendencies
plaintiff tried to kill himself by choking himself with
A bed sheet plaintiff cellmate called police plaintiff
was laying in a pool of blood on the floor police
officers at cook county could NOT Identify plaintiff
Mental disorders because of lack of psychiatric trained
police Ignored plaintiff and told plaintiff fuc___
you and die plaintiff was then Taken TO court
without medications for days and the wrong medications
being given TO plaintiff when given but NOT on time
plaintiff Told Quinlan pitluck his public defender
About the lack of psychiatric treatment at the
Facility he was transferred TO about his deteriorated
Mental symptoms schizoeffective disorders Due TO

No Medications and the wrong one's being given plaintiff
Told counsel To transfer plaintiff to the Appropriate
different Facility were plaintiff could receive treatment
public defender for plaintiff laughed and when plaintiff
went To court he Made a plea negotiation To close
The case after planning To do all is said here
plaintiff refused To plea guilty in Fact plaintiff
Told The Judge when he Ask Are you on Medications
Plaintiff Said No your honor Due To the Fact
that judge Arthur hill jr. was hired by judge linn
47

as an original pla both conspired with several others
said in this conspiracy To Transfer and Move plaintiff
To A facility were both assured that plaintiff was
Not given The treatment Doctors ordered or Medications
To accomplish in making plaintiff unfit and incompetent To
Stand trial and bribed Quinton pitluck To Make A plea
Negotiation To find closure of the case because To
Many people were learning of Thier corruption and were
investigating Thier corruption Arthur h. hill ignored that
plaintiff Told him he was NOT on Medication at the
Time of The plea and that Resulted in A Miscarriage
of justice and False imprisonment because plaintiff
did not plan To plea guilty and planned To go To

Trial and the plea was NOT given Knowingly and
voluntarily willifully given or intelligently Made By Means
of Retaliation because Actions were being Filed Against
all of these conspirators and the conspiracy was raised
in The Mandamus Counsel Quinton pitluck immediately
and Judge Arthur hill f. Jr. withdrawled plaintiff's Motion
without his consent Just To find closure To The
case before all of This happened Arthur hill f. Jr
promised To performed These Acts as A Member of The
Chain of conspiracy After being influenced by the bribe
given by Judge Linn in both official capacity DUE
TO The fact that plaintiff immediately filed a
Motion To withdrawl guilter plea before the 30 days
of the plea

48

The plea was challenged That The Judge relied on False
information, False evidence, False documents presenting False
DNA results To obtain a improper sentence and wrongful conviction
and That The Named conspirators Arthur hill f jr Judge Judyelinn
Quinten pitluck public defender For The plaintiff at the time all
conspired with Tomdart county sheriff Acting under color of state law
and in Thier official capacity Transfer plaintiff unconstitutional For
Exercising his Rights To Filing Actions Against all individuals by
Means of Retaliation Failure To comply with plaintiff psychiatric
Doctor orders and transfered plaintiff To be punished and were
deliberately indifference To plaintiff Medical Needs To waive
his Rights Associated with Trial punished plaintiff by giving
him The wrong Medications and No Medications at the
Time of The plea and befire that To receive a unvoluntarily
guilty plea by the plaintiffs lawyer who is A Member of

The conspiracy while plaintiff was incompetent unfit To
be sentenced and unfit To understand the proceeding of The case
plaintiff was Deprived of his Due process rights That
prohibits punishment of pre-trial Detainees and protects They
from excessive force That amounts To punishment and
freedom from unwanted psychiatric drugs and due process
right To Medical treatment and the Transfer impaired
plaintiff detainee's Right TO Access TO Trial and Right TO
A Fair Jury trial plaintiff also challenged the conviction
based on what is said Throughout all The lawsuit
These conspiratas committed and requested for The
Motion For trial Transcripts and common law records
SEE EXHIBIT Q. As an indigent prisoner To Establish and
prove that plaintiff was not on Medication To Show The
Plea was Entered while NOT on Medication unfit

7                    (page) Ha

and NOT understanding given and NOT given intelligently and voluntarily made Due the denial of psychiatric treatment plaintiff had deteriorated The Judge had knowledge of all said and Arthur hill Accepted the plea plaintiff Also wrote a letter To the Judge Arthur hill concerning the Right To be heard because plaintiff had A legal issue he would like To Address and the letter was NOT concerning on the evidence of the case or facts plaintiff warned the judge To allow plaintiff To have Access To it To ensure that Geraldine D'Souza The State prosecutors a member of this conspiracy Still involved in this post-proceeding by Arthur hill because he is the judge who is Also A member of this conspiracy, Does NOT Alter or destroy The transcripts plaintiff Requested for the Transcripts To Assure of This To prevent Alteration of the transcript and because plaintiff had A Strong defense To withdrawl his guilty plea because the Judge had knowledge plaintiff was NOT on Medication The Record demonstrated this and because plaintiff would have been Successful in challenging a attack on his conviction of the plea NOT being given voluntarily and knowingly and plaintiff would have been succesful in showing this in the suit and hebeaus corpus ineffectiveness Assistance of counsel Arthur hill The Judge who is A Member of The conspiracy Assured That plaintiff does NOT receive The transcripts because geraldine D'Souza bribed Arthur hill Again

(58) 56

TO continue an Over Act of The conspiracy design in Agreement after learning Through plaintiff pro-se letter To Judge Arthur hill That The Transcripts were Needed as A Defense Because Arthur hill Accepted The plea while plaintiff was Not on Medication psychotrophic Meds That is and The Judge was warned That geraldine D'souza within a period of TIME of The Statutes of limitations has caused over Acts of covering up her wrongdoings by Falsifying court Records after learning were plaintiff is coming from Through his Motions To weaken his defense in his case because Arthur hill promised in exchange of The bribe from geraldine D'souza that he will ignore and Not hear at all plaintiff's Motions filed And pass them To geraldine D'souza TO cover up everything said of wrongdoing of These conspirators in thier Motions for Thier own Self protection and Arthur hill was Warned That geraldine D'souza has planned To Alter The transcripts for This reason geraldine D'souza Delayed and bribed The court reporter Not To disclose and Furnish The plaintiff with The free transcripts requested for in exhibit Q, because and Agreement was Made between Arthur hill Jr. geraldine D'souza plan among each other TO deny plaintiff of The request

in exhibit Q, To Alter and change The transcripts for this reason The transcripts were withheld and Not given at all To plaintiff To provide false Misleading information for Those who observed The transcripts That transcripts Now falsely say at The Time of The plea Are you on psychiatric Medications Actually yes when reality plaintiff Said Actually No This was Done For purpose To create a false Transcript To Mislead The Appellate courts, and civil courts That plaintiff was on Medications at The time of The plea because there are psychiatric Doctor records For the state That say in order for plaintiff To be Fit To start trial plaintiff Must be on Medications and These conspirators knowingly participated in A scheme and plan To defraud

51

By Alteration of Transcripts To Make False pretenses To cover The Judge Unfair corrupt Judgement Fraud was Made To prevent plaintiff in obtaining Motion To withdrawl guilty plea relief and was done for purpose because plaintiff Attempted To withdrawl his guilty plea and the trial Transcripts Now provides Misleading False Facts Deceiving To believe The eyes who observe The Transcripts That The plea was Made falsely knowingly willfully and voluntarily given while plaintiff was on Medication and Fit To stand Trial The False statements in The Transcripts conceal the True Facts That plaintiff was Not on Medication at The time of The plea because geraldine D'souza and Arthur hill conspired and planned A scheme To defraud after obtaining Money To Misuse Thier official power conspired To Make Misrepresentation in The trial Transcripts plaintiff suffered significant risk of prejudice when The indigent plaintiff was deny free transcripts For purpose To be Altered and changed and Destroyed

and violated The equal protection clause and caused a injury To plaintiff and prejudice because Now The Judge Arthur hill JR. has perjured himself when he offered The False Misleading Altered Transcripts Knowing They were Altered and changed To deprive plaintiff The Right To withdrawl his guilty request was Made Timely with all These issue raised in This suit That warrants a 2 chance For justice Arthur hill False statement was offered on 3/31/09 and violated The statute OF TITLE 18, United states code Section 1503, conspired To Obstruct Justice and is responsible For Assisting geraldine D'souza To Alter and change The transcripts requested For in Exhibit P. and Then presented The False Altered Transcripts into evidence and spoke about judge linn corruption evidence He found and Told The Typist To Stop typing and Talk about how judge linn Falsified evidence in This case having a Duty To Disclose This information

After being influenced by the bribe spike of out of the record please review the record to support this fact. It would verify that Arthur h. hill has gone many times of the record to conceal facts of judge linn criminal activity evidence that judge Arthur hill has found and failed to disclose in violation of 1001. which prohibits making falsifications of matters required a person to provide prohibits concealing material facts having a duty to disclose judge Arthur hill had a duty disclose the evidence on record he talked found that judge linn committed misconduct and falsified records of this case to bring justice on plaintiff The judge had a duty to disclose but failed to disclose to deny plaintiff effective appellate review of court reports examinations plaintiff also filed motion for DNA testing post-conviction DNA testing and the subpeona information discovery information that was not disclosed in the pretrial proceeding to receive DNA testing relief and show that plaintiff is innocent

To accomplish a continued malicious prosecution and a over act of the evidence that was destroyed of the conspiracy already complete judge Arthur hill and geraldine D'souza and eileen pahl public defender and judge linn conspirators came together and actually agreed that geraldine D'souza suppress the exculpatory evidence, and DNA evidence plaintiff requested to be subpeona, in exhibit N. was intentionally ignored and not ruled on or not hear because geraldine D'souza destroyed this DNA evidence to deny plaintiff post-conviction DNA testing Arthur hill was then paid not to hear or rule on the motion for DNA testing because he is a member of this conspiracy and this is sufficiently attributed legal causation to officials for purpose of stating malicious prosecution claims against these conspirators under illinois law.

53

Arthur hill was then bribed TO deprive plaintiff of the Right TO A Bar Association attorney before the plaintiff was Appointed with A public defender From The same public defenders office of Deana BINSTOCK who is prohibited From Representing plaintiff before Eileen pahl was appointed TO provide an over Act of criminal Activity plaintiff filed A motion TO disqualify publicdefender From The same law offices of Deana BINSTOCK and Appoint A Bar Association lawyer To support this conclusion See Exhibit O Acting under color of State Eileen pahl received A bribe From

Deana BINSTOCK TO provide Misrepresentations TO cover up Deana BINSTOCK criminal Activity said in this suit Failed TO reveal counsel Misconduct and participated in The conspiracy TO defraud Exhibit p. pg 3 Eileen pahl Falsely said That Richard paull filed A motion TO suppress DNA Testing. The Truth is Richard paull only wrote

this on The Motion but Richardpaull Never Raised This issue at all in court on /03/07 hearing because he planned TO FILE A False Document and Testimony on thE day of the hearing plaintiff filed pro-se Motion in limnie To bar The state From presenting DNA evidence NOT counsel See Exhibit K. and offered A False document of stipulation Acting under color of State law defrauded To continue To Act In concert

54

This section which in relevant part Creates a cause of action for conspiracies To deter any part or witness in any court of the united states from attending such court or from Testifying To any Matter pending there in These conspirators are Still involved in plaintiff post proceeding For purpose To continue To commit over Acts in violation of The criminal code 1961, and under section 1985 To 1986 (A) plaintiff request For a injunction relief and declaratory relief and Stop These defendant and Judge From going any Further with This case and enjoin The state prosecution plaintiff will suffer irreparable injury if Judge Arthur hill and geraldine D'souza who Are influenced by bribe are NOT removed from This case along with other Members of this conspiracy plaintiff prays the court issue Appropriate orders To prevent These conspirators from engaging in the Same type of endeavor as engaged in Racketeer influenced and corrupt organizations Act (Rico) plaintiff request For injunction Relief Against fraud, bribery, False statement Misrepresentation that continue To occur

55

police officers should be liable for having a Mutual understanding on 1983 civil rights to deprive plaintiff fourth amendment Rights police superintendent and sergeant Kane engaged in cover up of police corruption participated in the conspiracy Made Misrepresentation on false documents refused to investigate plaintiff complaints and failed to discipline police officers state a claim of conspiracy to deprive plaintiff of constitutional rights by false arrest police conspired to use the fruit of the arrest and search to be planted as evidence to convict plaintiff plaintiff suffered loss of income property, false imprisonment when the false evidence Was planted, police engaged in illegal Activity in concert with These defendants beyond the scope of Thier duties And the serious Misconduct committed by police and Detectives extent that it infringe constitutional protected rights of plaintiff for deprivation of Rights under color of state law analyzed under The Fourth Amendment is Action able under 1983 plaintiff stated A claim for wrongful Arrest wrongful Search and seizure deliberate indifference To plaintiff constitutional Rights city failure to train and supervise police officers false imprisonment Malicious prosecution Abuse of process intentional infliction of emotional distress defamation, and invasion of privacy offering bribes

54

Actions could be Maintained under 1983 for each police man and state official named who acted under color of state law and conspired To falsely arrest and imprison and prosecte plaintiff and loss of liberty for The alleged falsification of documents attached as exhibit in This suit offered into evidence against plaintiff giving false TESTImony under oath Judges prosecutors, police detectives public defenders filed false documents To cover up each other criminal Activity For Thier own self protection and To Frame plaintiff To This crime in retaliation For disclosing Thier corruption To The Agency said in This suit all in violation of plaintiff constitutional rights under Due process. 42 U.S.C.A. 1985(3) prohibiting conspiracies

For purpose of depriving either indirectly or directly any person or class of person of Equal protection of laws or of legal privileges and immunities under law These defendants and Judges had The potential To stop illegal activities but Failed To do so and participated and conspired in illegal Activities and should be held liable

For The consequences of The alleged conspiracy To violaTE civil rights and damages caused by over acts of The conspiracy that occured within period of Statute of limitations and continue To occurs in the post-proceeding pending case in cook county criminal courts building The same conspirators are still involved in this case To continue To Act in concert
(58) 57

These conspiracy defendants violated clearly The following well established Federal constitutional rights of plaintiff There was NO probable cause for The arrest of plaintiff warrantless arrest Done with No legal cause To seize plaintiff from his place of Resident and police conspired To make A wrongful Arrest ignore and Destroy and conceal Exculpatory DNA evidence that Match someone Else NOT plaintiff Manipulated a line-up seize a warrantless DNA buccal swab by Force To be planted as evidence planted The DNA buccal swab on A pair of underwear That was NOT The original pair collected at the lincoln park hospital Misinterpreted it as semen Knowing That in fact iT was saliva presented the false evidence falsified police reports in effort To obtain a conviction police officers were Acting under color of state law and Are responsible for all the wrongs said committed in This suit resulting in significant restraint of liberty and violation of Federal constitution free From unlawful Arrest, detention. false arrest, Malicious prosecution. The arrest was unlawful because it was not Accomplished without Due process of law CONSPIRED To violate the

NthAmendment illegal seizure, invasion of privacy, unreasonable seizure of person. Due process violation which prohibits From deliberately fabricating evidence and planting evidence To frame individuals To crime they did not commit Done by Racial ANIMUS conspired among all parties Engaged in falsification of evidence participated As Aid And Abettor To commit Federal offenses To frame plaintiff To this crime violation of the 14th, Equal protection laws and 1, 4, 5, 8, 9, 13, 14, Amendment for participating and planing in Agreement all Defendant

58

participated in Intentional Deprivation of plaintiff civil rights and planning a false arrest, and false imprisonment. and participated in a conspiracy with More than one Actor the civil rights of civil rights statutue of the conspiracy were violated These conspirators engaged in corruption criminal Activity civil conspiracy over a period of time in common purpose to Accomplish false imprisonment by unlawful Means Deprived plaintiff of his sixth Amendment Right To Jury trial. deprivation of constitutional or statutory rights generally Access To The courTs plaintiff REQUEST For injunction relief and STOP The state court judge From preventing him going any further with The case because he is A member of This conspiracy allegedly induced by A bribe given by A party of This conspiracy and has participated with other conspirators in concert effort To deprive plaintiff of his civil rights plaintiff is

experiencing continous on going harm by these conspirators who continue To engage in illegal enterprise of (Rico) crimes plaintiff request For A crime control injunction and To stop The pending proceeding and enjoin in This racketeering Activities plaintiff is seeking relief under 18 USCA 1964 (A) anti Trust laws and equitable relief and A civil investigation and injunction relief Against Fraud plaintiff will suffer Future violations if injunction is NOT issue plaintiff will suffer serious harm by These conspirators continues constitutional violations continue To occur and plaintiff is Now in danger of being transferred To Cook county by Means of Retaliation To be harm by These conspirators and to be charged with More charges because plaintiff chooses NOT To pleg guilty because plaintiff has filed This suit and disclose these conspirators criminal Activity an over Act of the Already complete conspiracy will Be Done over Again

59

**VI.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

Injunction Relief, Money DAMAGes Awarded of 15 Million dollars
For violation of plaintiff Federal rights nominal damages, compensatory damages.
Punitive damages, Monetary Damages Awarded For loss of liberty pain and
Suffering, For wages plaintiff lost of 3 years without work This is a
On going conspiracy plaintiff is still suffering harm by these defendants because
They are still involved in plaintiff case post proceeding Motion To widraw guilty plea
Plaintiff goes To court on This Month criminal court building and
plaintiff constitutional rights are
continued To be violated
By The said Defendants

**CERTIFICATION**

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information and
belief.  I understand that if this certification is not correct, I may
be subject to sanctions by the Court.

Signed this ~~13~~ 3 day of ~~May~~ April , 20 09

_Ruis Marts_
(Signature of plaintiff or plaintiffs)

Luis Martinez
(Print name)

K89831
(I.D. Number)

2600 N. Brinton po. Box 1200
Dixon Ill. 61021

(Address)

60

# A P P E N D I X

**Exhibit A** Doctors order placing plaintiff in intermediate care facility

**Exhibit B** indictment Showing Detective Edward louis Nancy wilder saliva sample as Misinterpreting plaintiff semen

**Exhibit C** Showing plaintiff's request for The DNA information That Match someone else.

**Exhibit D** The undisclosed information geraldine D'souza illegally threw away said in suit

**Exhibit E** The false Arrest report done by police filed illegally with The clerk

**Exhibit F** The false writing Richard paul done said in suit

**Exhibit G** The false letters done by Althea K welsh covering up counsel criminal activity

**Exhibit H** THE False Stipulation document Done by geraldine D'souza and Richard paul Dean a Binstar

**Exhibit I** False Document Done by taylor scott

~~**Exhibit J**~~ _____

**Exhibit K** Showing plaintiff Exhaustion of remedies and forced To file his own motion

**Exhibit L** Debra Kirby false letter after Failing To reveal sergeant Kune corruption

**Exhibit M** Showing plaintiff Ask The supreme court To stop prosecution before going To Federal courts

**Exhibit N** Information plaintiff requested that was suppressed To continue malicious prosecution

**Exhibit O** Showing exhaustion of Remedies and warning Against Another p.d.

**Exhibit P** Eileen pahl written letter proving misrepresentation

**Exhibit Q** Showing plaintiff request for Trial transcripts


**Exhibit 2** plaintiff indigent status To support plaintiff is indigent

**Exhibit 3** Showing plaintiff EFFORT To obtain counsel

EXHIBIT A

| Name: | First | Middle | MHDD ID# | Social. Sec. No. | Date Completed |
|---|---|---|---|---|---|
| *Martinez* | *Luis* | *C* | 000855893 | 318 38 - 4398 | 1/27/06 |

Admitting Address:  Street    City    State    Zip
*Undomiciled*

NOTIFICATION OF DISCHARGE/TRANSFER TO: *1 Cp*

RCP = Recipient    ATT = Attorney    PAR = Parent (if minor)
GRD = Guardian    REL = Relative    Other

Birthdate  *7/26/78*  Marital Status  *S*

Religion  *Catholic*  Sex  *M*  Race  *AM*

Facility Name  *Madden*  Fac. No.  *54*

Unit  *Pav 2*  Subunit No.  *4380*

Medicare No.:

RECIPIENT WILL BE RELEASED TO:

Name: *Self*    Relationship:

Recipient will reside at this address:

AC Phone:

Discharge GeoCode:    Discharge Planning Area:

DPA No.:

Referral After Discharge from Facility: *jail*

DMH Grant Agency (Grant)    PVT Practitioner (Priv)    Hospital (Hosp)
DMH Org Unit (Unit)    DASA Agency (DASA)    Jail (Jail)
DMH Purch Care (DMHPC)    VA Facility (VAFac)    Absent/UA (A/UA)
Comm Int Livng Arr (CILA)    Court (Court)    Non/Refused (Refus)
Non-DMH Fund Agncy (XFund)    Out-of-State (OutSt)    Non (XNeed)
    Other (Other)

Other Health Insurance:

Medications and Dosage at Discharge
*While here on Sertraline 100 mg g Am mazadone 100 mg g hr*

Aftercare Plans: *We whre trying to place him in supervised living situation*

Discharge Type: *ABS*    ABS = Absolute    CD = Conditional Discharge
    PRE = Pre-Discharge    TRF = Transfer

Discharge Movement: *OT auth*

Pre-disch Linkage Activity Code: *XLINK*

XS/O = in person not at SOF
ATS/O = in person at SOF
RECPH = by phone invlvng individual
STFPH = by phone no indiv involvmnt
XLINK = not linked

REQUEST Abs=Rec-Fab-Grdn Request    VOLXUA Abs=Vol-Admin/absent-not UA
FACDIR Abs=Fac Dir-Staf Initiated    INVXUA Abs=emerg-jud/absent-not UA
MHCRT Abs=Mental Health Court    VOL/UA Abs=Vol-Adm/absent-report UA
CCOURT Abs=Criminal Court    INV/UA Abs=Invol-ermerg-jud/absent-report UA
DEATH Abs=Death    RELATV Cond=relative
OTAUTH Abs=Other State/Othr Authrty    OTHER Cond-other
NGRICR Abs=Cond Release NGRI    LIMITD Cond=limited
VAHOSP Abs=VA Hospital    COMMPL Abs/Cond=Community Placement

Aftercare Code:    CTT = Continuous Treatment Team    SPCOC = Special Provisions/Countinuity of Care

Discharge Authorized by: *G. Espinoza*

Discharge Approved by: *A. Fsamdl MD*

Recipient/Guardian Signature:

| Date of Admin: | Time of Admin: | Date of Disch: | Time of Disch: | Summarized by (Name/Title) | Date Completed |
|---|---|---|---|---|---|
| *1/3/06* | *19:00* | *1/26/06* | | *Donna Gallardo* SOF Caseworker | *1/26/06* |

Report Date:  1/26/2006

Illinois Department of Human Services
**DISCHARGE/TRANSFER SUMMARY**
Must be completed prior to actual termination of services
Date of Last Revision:  04/25/2005
BE SURE APPROPRIATE AUTHORIZATIONS TO RELEASE INFORMATION ARE SIGNED AND WITNESSED
Page  1
Report #57

EXhibt B,                                    1

1    IN RE:  PEOPLE VS. LUIS MARTINEZ

2

3                              GJ NO 2637

4                              ARR DATE 2-23-06

5                              O6 CR 3231

6

7    BEFORE THE SPECIAL GRAND JURY OF COOK COUNTY,

8                    JANUARY, 2006

9

10                   TRANSCRIPT OF TESTIMONY TAKEN IN THE

11   ABOVE ENTITLED MATTER ON FEBRUARY 1, 2006

12

13        PRESENT:  MS. NANCY WILDER
                    ASSISTANT STATE'S ATTORNEY
14

15

16

17        REPORTED BY JOSEPH A. SZYBIST
          CERTIFIED SHORTHAND REPORTER
          ILLINOIS LICENSE NO. 084-1752
18

19

20

21   LIST OF WITNESSES:

22   DETECTIVE LOUIS

23

24

1    THE FOREPERSON:  Raise your right hand,

2  please.

3              (Witness duly sworn.)

4    MS. WILDER:  Good morning.  My name is

5  Nancy Wilder.  I am an assistant state's attorney

6  in the sex crimes unit of the Cook County State's

7  Attorney's Office.

8              I appear before you today asking for

9  a True Bill in January 2637 charging the defendant

10  Luis Martinez with the felony offenses of

11  aggravated criminal sexual assault, criminal

12  sexual assault, aggravated kidnapping, kidnapping

13  and unlawful restraint for the offense committed

14  on April 19, 2005, against the victim Molly

15  Grierson.

16              The Grand Jury does have the right

17  to subpoena and question any person against whom

18  the State's Attorney is seeking a Bill of

19  Indictment, or any other person, and to obtain and

20  examine any documents or transcripts relevant to

21  the matter being prosecuted by the State's

22  Attorney.

23              DETECTIVE LOUIS,

24  having been first duly sworn, was examined and

Exhibit B.    3

1    testified as follows:

2                    EXAMINATION BY

3                    MS. WILDER:

4         Q.   Detective, have you been sworn?

5         A.   Yes, I have.

6         Q.   Could you please state your name, your

7    star number and unit of assignment for the ladies

8    and gentlemen of the Grand Jury.

9         A.   Detective Edward Louis, L-o-u-i-s, star

10   20755, I am assigned to Area Three, Homicide.

11        Q.   And, detective, as part of your duties as

12   a Chicago Police detective, did you receive the

13   follow-up investigation of the sexual assault case

14   involving the victim Molly Grierson?

15        A.   Yes, I did.

16        Q.   Did your investigation show that on the

17   date that this assault took place, April 19, 2005,

18   that Molly Grierson was a 19-year-old DePaul

19   freshman?

20        A.   Yes.

21        Q.   Did your investigation further show that

22   on that date Luis Martinez was 27 years of age and

23   was a stranger to Molly Grierson?

24        A.   Yes, he was.

1      Q.   Did your investigation further show that

2      on April 19, 2005, at approximately 2:30 in the

3      morning that Molly Grierson left her freshman dorm

4      and began to walk to Osco?

5      A.   Yes.

6      Q.   As she walked in the vicinity of 944 West

7      Fullerton in the City of Chicago, County of Cook,

8      State of Illinois, did Luis Martinez come up from

9      behind her and grab her?

10      A.   Yes, he did.

11      Q.   After he grabbed her, did he then drag

12      her to the back of a business located in that

13      vicinity and throw her to the ground?

14      A.   Yes, he did.

15      Q.   Did he tell her to stop struggling and

16      she wouldn't get hurt?

17      A.   Yes.

18      Q.   Did the victim suffer bruised wrists from

19      the defendant's actions in throwing her to the

20      ground and holding her hands above her head?

21      A.   Yes.

22      Q.   Did he then remove her pants and force

23      his penis into her vagina?

24      A.   Yes, he did.

1      Q.   Okay.   After the victim -- sorry -- did

2    the victim give the police the underwear that she

3    was wearing on that day?

4      A.   Yes.

5      Q.   Was the defendant's DNA recovered from

6    semen on that victim's underwear?

7      A.   Yes.

8      Q.   Did she also identify the defendant in a

9    lineup?

10     A.   Yes, she did.

11          MS. WILDER:   Nothing further.

12          THE FOREPERSON:   Thank you.

13               (Witness excused.)

14               (Whereupon the Grand Jury was

15               left alone to deliberate,

16               after which the following

17               proceedings were had.)

18          THE FOREPERSON:   True Bill.

19               (Whereupon the above-entitled

20               cause was continued

21               for arraignment before

22               the Presiding Judge of

23               the Criminal Division.)

24

STATE OF illinois )
)SS
County of COOK )

RECEIVED
2007 JUN 14 PM 12:41
CLERK OF CIRCUIT COURT
CRIMINAL DIVISION
DOROTHY BROWN CLERK

IN the clerk Of the Circuit
Court of cook county criminal Division

PEOPLE OF THE STATE OF ILLinois

-VS-                )NO. O6-CR-3231
LUIS MARTinEZ       )
                    )petition for Review
                    for A indigent person
                    ReQuesting for Documents
                    Under freedom Act Of
                    information illinois freedom
                    Of information Act
                    Found in Section 140/1

I am a pretrial Detainee humbly requ
esting Any and all criminal Documents in
formation to case Number# O6 CR3231 from
the cook county clerk office Of public re
cords the public Defender Assigned to re
present Me in defense DeANA BinStock has
failed to provide Me information regarding the
Alleged evidence the state intends to use And
failed to provide Me with copys And let Me
inspect the requested Documents Defendant
request for under Rule 207, Rule 16, Disco
very request And inspection grand Jury indictment
Transcript, and all inventory slips Line-up CSPR
photos, Line-up Advisory form Line-up
reports, Buccal swab consent form, along

with any and all inventory Numbers, any record
files Based on who conducted the Buccal Swab
and any and all inventory numbers given,
Copy of Buccal DNa Lab report, and Results
and DNA Experts testimony Buccal swab
Chain of custody, all inventory slips and
incident to arrest forms, Motion transcripts,
police reports Complaints, Municipal transcripts,
any and all inspection, testing, comparison,
results, and photographing, expert statements
Based on results, test conducted chain of
Custody of the clothing evidence
inventory Numbers of the clothing evidence
any and all copys of exhibits, copy
of exhibit 1 B, Any Attorney work product
Time Line, ANY LAB Notes, Copys of LAB
reports, Any photograph of physical evidence,
Defendants prior record, Documents and
Tangible objects books, papers, documents
Reports examinations and test, photographs
of any test results Scientific test or
experiments copys, Grand Jury transcripts
and Grand Jury Minutes, under Rule 417
Copies of All DNA evidence and experts
Testimony copies of the case file including
all reports Memoranda, notes, phone logs
Contamination records and DAta relating
to the testing performed in the case,
Reports explaining any discrepancies in the
Testing observed defects or Laboratery errors,
as well as statements for reason for
all those errors,

Court by receiving the following Documents to prepare for My Defense and humbly pray that this petition be granted.

### Affidavit

I Luis A. Martinez being first duly Sworn Upon Oath that I am the person in the above and that I am unable to pay for these expenses And I hope and pray that the court would find it in thier heart to pay for these expenses thank you.

Respectfully
Luis A. Martinez

Duplicate Not
V/P on 7-31-07 n00

RECEIVED

2007 JUL -9 AM 10: 49

CLERK OF CIRCUIT COURT
CRIMINAL DIVISION

CLERK
BROWN

Dear cook county circuit clerks Office

To whom it May concern;

I Luis A. Martinez am a pre-trial Detainee in
My earlier first written letter send to your office
received by a Associate at your office on 5-24-07
regarding My request to recieve if possible all
criminal documents to my case number 06cr3231
a letter was send back to me on 6-1-07 by one of
Your Associates at your office and that letter
Stated that more information was needed from Me
and a case number in that letter they also stated
if I wish the court to review My request Submit
My petition or Motion to this office and send an
original plus two(2) photocopies And they also
requested that I include a case number and
that letter also stated that your office will
Schedule it on the court call for a Judicial
consideration it also stated After a Judge rules
on my Matter your office will send Me the Judges
rule on My petition filed I filed A petition a
Month ago requesting some specific Documents
named in that petition I am very concerned
If My petition was received and was scheduled
for a court call for a Judicial consideration which
I wish the court to review My petition I Followed
all the steps requested by your Associates
in thier previous letter which I also send an
original plus 2 photocopies of My petition filed
and I also included the case number to this
case Requested And I listed it in my petition

Filed And that case Number is 06-cr-323
I have No Knowledge if My petition was granted
because I have Not been informed or contacted
by anyone in your office for a Month Now regarding
if the petition was filed to the court and a court
date was given for the Judge to make his ruling
on that Manner and was it forward and scheduled
to the court call for a Judicial consideration or
has A Judge ruled on that Manner which basically
I have No Knowledge about what happend to My
petition I also filed an Affidavit sworn under
Oath that I Luis A. Martinez hope and pray
that I receive the following documents requested
in My petition which will help me prepare A fair
defense if received the following documents under
The Illinois freedom act of information Act Found
in section 140/1 and I sworn under oath that
I am indigent and unable to pay for the cost
of such documents therefore I pray that the
court will grant My petition And pay for the cost
of the expenses of the documents Needed I Know
that your office is A very busy office I humbly
ask when you have the time can you please
keep Me informed and contact Me regarding this
situation and can you please inform Me from your
experice how long does it usually take before a
Judge Make his decision and Makes a ruling on
petitions Manner which I have No Knowledge
of thank you for your time and hope to hear
from you soon

Sincerely
Luis A. Martinez

Exhibit B



STATE OF ILLINOIS)
             ) SS.
COUNTY OF COOK  )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                                       )
          vs.                 ) 06CR-3231
                                       )
LUIS MARTINEZ                   )

## ANSWER TO DISCOVERY

TO:  Attorney of Record

       Now come the PEOPLE OF THE STATE OF ILLINOIS, by their Attorney, RICHARD A. DEVINE, State's Attorney of Cook County, Illinois, through his Assistant, Geri D'Souza, and answer the defendant's motion for pre-trial discovery as follows:

1.    (a)  Bill of Particulars:

            Date:  On or about April 19, 2005

            Time:  At approximately 2:30 - 3:30 am

            Location:  At or near 944 W. Fullerton, Chicago, Il.

    (b)  The physical description of the location of the occurrence is contained in the police reports tendered to the defense in open court.

2.    (a)  The people may or may not call the following persons as witnesses to the trial of this cause:

            Molly Grierson
            Hannah Ronning
            Nora Kase
            ASA Nancy Wilder
            Christopher Webb, ISP
            Kelly Behle, ISP
            Kelly Ashton Hand, ISP
            Kathleen Kozak, ISP
            Personnel from Lincoln Park Hospital
            Personnel from Planned Parent-Hood

            CPD
            E.T. Kumiga #15998
            D. Grant #5284

```
M. Dombeck #17160
Det. E. Louis #20755
E.T. Price #4894
W. Schober #20542
B. Ortiz #10016
R. Peck #20711
H. Flores #11161
```

Personnel from Crime Lab, any person named in police reports, arrest reports, inventory sheets, medical reports, laboratory reports, Preliminary Hearing or Grand Jury transcripts, evidence reports, or any other document tendered to or available to the defense.

Any witness needed to establish the chain of custody for physical evidence sought to be introduced at trial.

(b)   The following witnesses made oral statements:

None

Written statements, if any, have been tendered to the defense in open court.

(c)   All memoranda reporting or summarizing oral statements made by witnesses are contained in the police reports tendered to the defense in open court.

3.   The People may or may not call any or all persons listed in 2 (a) as occurrence witnesses at the scene of the offense or at the time of arrest.

4.   (A)   Written or recorded statements of the defendant or co-defendant(s), if any, have been tendered to the defense in open court. The date, time, and place of such statement(s), the circumstances under which it was made and the witnesses to the making or acknowledgment of the statement(s), are contained in the police reports tendered to the defense in open court.

(b)   Summaries of oral statement(s) of the defendant or co-defendant(s), if any, the date, time, and place of such statement(s), the circumstances under which statement(s) were made, and the witnesses present are contained in the police reports tendered to the defense in open court.

5.   The transcript of the Grand Jury minutes and/or Preliminary Hearing, if any, will be made available to the defense for inspection and copying upon being received by the People.

6.   (a)   The following articles, if any, may or may not be offered into evidence by the People at the time of the

trial of this cause:

Inventory #10520806 1 pair Women's underwear.
Inventory #10683267 Consent to Collect Biological samples.
Inventory #10683262 Buccal swan collection kit.
Inventory #10683372 Photo spread advisory form.

Photographs, plats, charts, diagrams, illustrations, maps, any property inventoried by the Chicago Police Department and reflected in inventory receipts, copies of which are contained in the court file and also available for inspection and copying, certified copies of convictions and certified copies of auto records.

Any and all other property mentioned in the police reports, arrest reports, medical reports, laboratory reports, Preliminary Hearing or Grand Jury transcripts or any other document tendered to or available to the defense in open court.

(b)   The date, time and place of acquisition, the persons involved in the acquisition and the circumstances of the acquisition of the articles are contained in the police reports tendered to the defense in open court.

(c)   The people will comply with all reasonable requests for inspection by the defense.

7.   Reports of experts, if any, made in connection with this particular case, including the results of physical or mental examinations, scientific tests, examinations, and comparisons, will be tendered to the defense upon being received by the People.

8.   Please see 6 (a) for any books, documents, photographs, and tangible objects obtained from or which belonged to the defendant which the People may or may not use at the trial of this cause.

9.   The People have no knowledge at this time that any of its potential witnesses have criminal convictions.

10.   The People intend to use certified copies of all convictions of the defendant, if any exist, for purposes of impeachment during the trial of this cause. The record of these convictions is available for inspection.

11.   The People may or may not rely on the following prior acts or convictions of the defendant of a similar nature for proof of knowledge, intent, motive, scheme, or design:

None

12. The dates, times, places, circumstances, results, and persons present at any identification confrontations involved in this cause are contained in the police reports tendered to the defense in open court.

   Any photographs available to the People which were used in connection with any photographic identification will be made available for inspection.

   Any lineup photographs available to the People will be made available for inspection.

13. No electronic surveillance was employed in connection with this cause.

14. Any evidence which was acquired by the execution of any legal process, whether a search warrant, arrest warrant or other process or court order, is listed in 6 (a) and in the police reports and other documents tendered to the defense in open court, if such process was used.

   A copy of any legal process executed in connection with this cause will be available for inspection and copy if a copy is not in the court file.

15. No informant that the People intend to call as a witness in the trial of this cause exists.

16. The People are unaware of any evidence or witnesses which may be favorable to the defense in this cause.

17. The People will comply with lawful orders of Court in this cause.

                              RICHARD A. DEVINE,
                              State's Attorney of Cook County

              By:

                              Geri D'Souza
                              Assistant State's Attorney

**FINAL APPROVAL**

CB #: 16431078
IR #: 1143693
YD #:
RD #: HL310333
EVENT #: 0511121394



**CHICAGO POLICE DEPARTMENT**
## ARREST REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 6/30)

Exhibit E

**Name: MARTINEZ, Luis A**
a.k.a Collazo, Anthony
**DOB:** 26 July 1978
**AGE:** 27 years
**POB:** Illinois
**SSN:** 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
**DLN:** 63552178212M -IL

Male
White Hispanic
6' 00"
230 lbs
Brown Eyes
Brown Hair
Short Hair Style
Light Complexion

**Marks:** Tattoo "Laura" on Lower Right Arm

**Arrest Date:** 26 January 2006 13:30    **TRR Completed?** No
**Location:** 1200 S First Ave    **Beat:** 3100
Maywood, IL
233 - Hospital Building/Grounds
**Holding Facility:** District 019 Male Lockup
**Resisted Arrest?** No

**Total No Arrested:** 1    **Co-Arrests**    **Assoc Cases**
**Dependent Children?** No    **DCFS Ward ?** No

**Victim**
Grierson, Molly

1    Offense As Cited  **720 ILCS 5.0/12-14-A-2**
CSA - AGG CRIML SEX ASSAULT - BODILY HARM
Class X - Type F

**Felony Review :** Approved    26 JAN 2006 23:58    Wilder, Nancy    State's Attorney's Office

**NO NARCOTICS RECOVERED**

06 104098

Print Generated By: DE FRANCO, Vincent ( PC0N115 )    Page 1 of 5    27 JAN 2006 01:00



**Chicago Police Department - ARREST Report**

MARTINEZ, Luis

NO WARRANT IDENTIFIED

Name: GRIERSON, Molly
Res: 910 W Belden Ave, #308
Chicago, IL
720-480-6849

OTH: 330-3240720

Beat: 1812

Female
White
DOB: 15 March 1986
Age: 19 years

Comments:

Injured? No   Deceased? No

Hospitalized? No
Lincoln Park Hospital
Treated and Released  Yes

NO ARRESTEE VEHICLE INFORMATION ENTERED

**Confiscated Properties :**
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR    MARTINEZ, Luis,    NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)
Event #21394 This is an arrest by The Great Lakes Regional Fugitive Task Force. The above subject was wanted for investigative alert # 299933627. The above was identified by C.O.D.I.S. hit Via DNA match. The above also fits the description of the wanted offender. The victim was attacked on the street and the offender forcibly pulled her clothes off after knocking he to the ground. The offender then forcibly had intercourse with the victim. The offender then fled the scene. The above subject was located and arrested. He was advised of his rights and transported to Area Three.

Desired Court Date:
Branch:
Court Sgt Handle?  No
Initial Court Date:  27 January 2006
Branch:  66      2600 S CALIFORNIA - Room101
Docket #:

BOND INFORMATION NOT AVAILABLE

**Chicago Police Department - ARREST Report**

MARTINEZ, Luis

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| Attesting Officer: | #20542 | SCHOBER, W (PC0H317) | 26 JAN 2006 15:04 |
|---|---|---|---|

| | | | Beat |
|---|---|---|---|
| 1st Arresting Officer: | #20542 | SCHOBER, W (PC0H317) | 5643 |
| 2nd Arresting Officer: | #10016 | ORTIZ, B C (PC0E936) | 5643 |

| Approval of Probable Cause : #41 | RYAN, M N (PC0P136) | 26 JAN 2006 15:59 |
|---|---|---|







MARTINEZ, Luis

**Chicago Police Department - Arrest Report**

| | |
|---|---|
| **Holding Facility:** District 019 Male Lockup | **Time Last Fed:** |
| **Received in Lockup:** 26 January 2006 16:51 | **Time Called:**     **Phone#:** |
| **Prints Taken:** 26 January 2006 16:43 | **Cell #:** 5-2 |
| **Photograph Taken:** 26 January 2006 16:49 | |
| **Released from Lockup:** | **Transport Details :** 1PO    5643    26-JAN-2006 13:33 |

| | | | |
|---|---|---|---|
| Is there obvious pain or injury? | No | Presently taking medication? | No |
| Is there obvious signs of infection? | No | (If female)are you pregnant? | No |
| Under the influence of alcohol/drugs? | No | First time ever been arrested? | No |
| Signs of alcohol/drug withdrawal? | No | Attempted suicide/serious harm? | No |
| Appears to be despondent? | No | Serious medical or mental problems? | No |
| Appears to be irrational? | No | Are you receiving treatment? | No |
| Carrying medication? | No | | |

**Name : REFUSED**

   **Res:**                         **Beat:**

**NO INTERVIEWS LOGGED**

**NO VISITORS LOGGED**

**MOVEMENT LOG INFORMATION NOT AVAILABLE**

MARTINEZ, Luis

**Chicago Police Department - ARREST Report**

**Watch Commender Comments:**

DOES NOT APPLY TO THIS ARREST

| | | | Beat |
|---|---|---|---|
| Searched By: | | JETTNER SR, M G (PC0C841) | |
| Lockup Keeper: | #16674 | DE FRANCE, W D (PC0H019) | |
| Assisting Arresting Officer: | #11161 | FLORES JR, H (PC0S171) | 5643 |
| Assisting Arresting Officer: | #20711 | PECK JR, R E (PC0N160) | 5643 |
| Fingerprinted By: | #16674 | DE FRANCE, W D (PC0H019) | |
| Detective : | #20910 | Redman, Charles A (PC0N318) | 26 JAN 2006 23:58 | 5315 |

| | | | Beat |
|---|---|---|---|
| Final Approval of Charges : | #58 | MC GOVERN, J F (PC0P907) | 27 JAN 2006 00:07 |

**ATTORNEY WORK PRODUCT: CONFIDENTIAL**

**TIMELINE: LUIS MARTINEZ**

<u>Tuesday</u>
4/19/05                    Original incident (2:30 am)

4/19/05                    Vic to Hosp (late night) ⟵

<u>Wednesday</u>
4/20/05                    Vic to <u>Planned Parenthood</u>

<u>Thursday/Friday</u>
4/21/05                    Vic calls Police
                           Police arrive 11:40 pm (Dombeck-GOCR)

4/22/05                    E.T. arrives 1:46 am (E.T. Grant)
                           Inventory #10520806

5/25/05                    Lab Notes (K. Behle-Biology)

6/9/05                     Lab Report (K. Behle-Biology)

/05  8/31/05  DNA Developed from underwear

9/01/05          CODIS Run/Hit

10/25/05         CODIS Alert to CPD

11/22/05         Lab Report (CODIS Hit/Match)
                   (Christopher Webb)

1/26/06          Def. arrested at Madden (13:30)
                 (A/O's W. Schober-#20542/B. C. Orbitz-#10016)

                 17:20  E.T. arrives (Kumiga-Kumila?-#15998)

                 17:25  Def. Mirandized/Stmt
                                (Louis/Redman)
                                (Interview Room 239-A/3)

                 18:15  Swab consent signed
                                (Inv #10683267)

                 18:20  Swab done (by E.T. Kumiga)
                                (Inv #10683262)

                 21:30  Line-up conducted Def. I.d.'ed
                                (Molly Grierson)
                                       (Redman-inside/Louis-outside)

                        Line-up advisory form
                                (Inv #10683372)

                        Line-up CSPR Photos
                                (E.T. Price #4894)

2/22/06      Request for case file

2/23/06      Buccal DNA Lab Report
                                (Kelly Ashton-Hand)



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600   (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838   (800) 252-8048
Fax (217) 522-2417

Luis Antonio Martinez
20060007243
P. O. Box 089002
Chicago, IL  60608

Chicago
January 4, 2007

Re:   Richard H. Paull
      in relation to
      Luis Antonio Martinez
      No.    07 CI 14

Dear Mr. Martinez:

The Client Protection Claim form that you submitted to this agency has been referred to me for a determination as to whether the matters you raise warrant a disciplinary investigation.

Be advised that the disciplinary duties of this Commission relate primarily to investigating and prosecuting allegations of professional misconduct against lawyers.  When we have enough evidence of misconduct by an attorney, we may try to cause the lawyer to be disbarred or suspended from the practice of law.  This process may take years to be concluded.

We cannot remove Mr. Paull from your case and cannot assist you in efforts to have another public defender assigned to represent you.  We are also unable to provide you with any legal advice or assistance and cannot intervene in your legal matters in any way.

Your complaints regarding Mr. Paull relate to his competence and effectiveness as your defense counsel.  Allegations of ineffective assistance of counsel are appropriately addressed and resolved in court through motions, appeals or petitions for post-conviction relief.  Therefore, as a general policy, this Commission will not consider such allegations unless a court has first found that the attorney was ineffective.

If you have not already done so, you may wish to raise your concerns about Mr. Paull's representation in court.  If, in the future, any court finds that the attorney failed to represent you effectively, we invite you to send us a copy of the court's decision.  At that time, we will



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600   (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838   (800) 252-8048
Fax (217) 522-2417

Luis Antonio Martinez
January 4, 2007
Page 2

determine whether disciplinary action against Mr. Paull may be warranted.  Until such time, we
will not initiate any disciplinary investigation based on your complaints.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:ck
MAINLIB_#250887_v1



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838  (800) 252-8048
Fax (217) 522-2417

Luis Antonio Martinez
20060007243
P. O. Box 089002
Chicago, IL  60608

Chicago
May 17, 2007

Re:    Richard H. Paull          Deanna M. Binstock
       No.  07 CI 14             No. 07 CI 2253

Dear Mr. Martinez:

We have received your recent request for an investigation of Deana Binstock and Richard H. Paull.

Again, be advised that the duties of this Commission relate primarily to investigating and prosecuting allegations of professional misconduct against lawyers.  When we have enough evidence of misconduct by an attorney, we may try to cause the lawyer to be disbarred or suspended from the practice of law.  This process may take years to be concluded.

It is not the function of this agency to assist individuals with their legal matters.  We cannot provide you with any legal advice or assistance and cannot intervene in your legal matters in any way.  We are also unable to decide any questions as to the truth, genuineness or admissibility of any evidence used in your case.  These evidentiary questions can only be decided in the courts.

Your complaints regarding Ms. Binstock and Mr. Paull relate to their competence and effectiveness as your defense counsel.  Allegations of ineffective assistance of counsel are appropriately addressed and resolved in court through motions, appeals or petitions for post-conviction relief.  Therefore, as a general policy, this Commission will not consider such allegations unless a court has first found that the attorney was ineffective.



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838  (800) 252-8048
Fax (217) 522-2417

Luis Antonio Martinez
May 17, 2007
Page 2


If, in the future, any court finds that your attorneys failed to represent you effectively, we invite you to send us a copy of the court's decision. At that time, we will determine whether further action by this office may be warranted. Until such time, we will take no further action in the matter.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:ck
MAINLIB_#262428_v1

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838  (800) 252-8048
Fax (217) 522-2417

Luis A. Martinez
20060007243
P.O. Box 089002
Chicago, IL  60608

Chicago
August 2, 2007

Re:   Richard H. Paull          Deana M. Binstock
      No. 07 CI 14              No. 07 CI 2253

Dear Mr. Martinez:

We have received your recent request for an investigation of Richard Paull and Deana Binstock.

We have again determined that your complaints relate primarily to the attorneys' competence and effectiveness as your defense counsel.  Because allegations of ineffective assistance of counsel are appropriately addressed and resolved in the courts, this Commission will not consider such allegations unless a court has first found that the attorney was ineffective.

If, in the future, any court finds that either attorney failed to represent you effectively, we again invite you to send us a copy of the court's decision.  At that time, we will determine whether further action by this office may be warranted.  Until such time, we will take no further action with respect to your requests.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:ck
MAINLIB_#267490_v1

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838  (800) 252-8048
Fax (217) 522-2417

Luis Antonio Martinez
1400 W. Monroe
Chicago, IL  60641

Chicago
March 18, 2008

Re:   Richard H. Paull      Deana M. Binstock
No.  07 CI 14          No. 07 CI 2253

Quentin D. Pitluk
No. 08 CI 1288

Dear Mr. Martinez:

We have received your recent communications regarding Richard Paull, Deanna Binstock and Quentin Pitluck.

Once again, so that there is no misunderstanding, be advised that the duties of this Commission relate primarily to investigating and prosecuting allegations of professional misconduct against lawyers.  When we have enough evidence of misconduct by an attorney, we may try to cause the lawyer to be disbarred or suspended from the practice of law.  This process may take years to be concluded.

As we indicated in prior letters to you, the issues you are raising are appropriately addressed and resolved in the court system rather than by this Commission.  We cannot investigate the evidence in your case and cannot make any determinations as to the truth or validity of any evidence used against you.  We are also unable to determine whether any of your constitutional rights have been violated.  Only courts of law can make such determinations.

Additionally, although you may believe that certain evidence offered in your case was false, you have provided no factual information to support a conclusion that any of your lawyers knew or believed that evidence they offered or stipulated to was false at the time it was introduced.

For the reasons stated above and in our previous letters to you, this agency will take no further action with respect to your communications at this time.

of the
## SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600   (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838   (800) 252-8048
Fax (217) 522-2417

Luis Antonio Martinez
March 18, 2008
Page 2


        We will continue to review any and all communications we receive from you and will
advise you if we decide to take any action based on any future communication.  If we do not
respond to future communications you send us, you should assume that we are taking no action.


                        Very truly yours,



                        Althea K. Welsh
                        Senior Counsel


AKW:ck
MAINLIB_#289221_v1



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600   (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838   (800) 252-8048
Fax (217) 522-2417

Luis Antonio Martinez
20060007243
P. O. Box 089002
Chicago, IL 60608

Chicago
April 18, 2008

Re:   Richard H. Paull          Deana M. Binstock
      No. 07 CI 14              No. 07 CI 2253

      Quentin D. Pitluk
      No. 08 CI 1288

Dear Mr. Martinez:

We have received your recent communication regarding the above matter.

Enclosed is a copy of the last letter I sent you, which explains why this agency will take no action with respect to your concerns at this time.

We will continue to review any and all communications we receive from you and will notify you if we decide to take any action based on a communication you submit to us. If we do not respond to future communications you may send us, you should assume that we are taking no action.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:ck
Enclosure
MAINLIB_#291961_v1

STATE OF ILLINOIS          )
                                 ) SS.

COUNTY OF COOK          )

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                                      )

                vs.              )         06 CR 3231

                                     )

LUIS MARTINEZ               )

## STIPULATION

NOW COME the People of the State of Illinois, by their Attorney, RICHARD A. DEVINE, State's Attorney of Cook County, Illinois, by Geraldine D'Souza, Assistant State's Attorney, and Richard Paull and Deana Binstock, on behalf of the defendant Luis Martinez. It is hereby stipulated that:

1.      If called to testify, Taylor Scott would testify that he is currently a Forensic Scientist in the DNA Indexing Laboratory of the Illinois State Police Forensic Sciences Command.

2.      Mr. Scott would be qualified by this court as an expert in the field of Forensic DNA Analysis specifically in the area of indexing convicted offender database samples.

3.      Mr. Scott would testify that DNA samples from convicted offenders are received at the Indexing Laboratory through the United States Postal Service along with other mail items.

4.      Mr. Scott would further testify that there is not an evidentiary chain of custody maintained on the DNA samples from convicted offenders as required by the Illinois State Police Forensic Sciences Command for evidence.

1

5. That the convicted offender samples are not considered evidence samples.

6. That these convicted offender samples are collected and analyzed for upload into the DNA database to provide investigative leads in criminal investigations.

7. That when an association is made between a convicted offender sample and an evidence sample, a representative from the Indexing Laboratory verifies that the convicted offender legally belongs in the database prior to releasing any information to law enforcement.

8. That this verification was completed in the case involving Luis Martinez.

9. That a thumbprint of the convicted offender is recorded on the submission paperwork at the time the buccal swab of that offender is collected.

10. That when an association is made between a convicted offender sample and an evidence sample, a qualified latent fingerprint examiner verifies that the thumbprint on the submission paperwork from the convicted offender matches the thumbprint on a reliable ten-print arrest card, already on file, of that same convicted offender.

11. That this thumbprint verification was completed in the case involving Luis Martinez.

12. That this verification process also entails DNA analysis of an additional buccal swab from the convicted offender sample kit, which verifies the DNA profile in CODIS is correct. This is known as Sample Verification, which is performed with each case-to-offender hit before results are released to law enforcement.

13.     Taylor Scott would further testify that on October 20, 2005, he sent a letter to Kathleen Kozak, the CODIS Administrator at ISP Forensic Science Center at Chicago, regarding the Sample Verification. If shown a copy of that letter, he would identify it as the letter he sent and it would be admitted into evidence as Defendant's #_____

14.     That the association between a convicted offender sample and an evidence sample is known as a case-to-offender hit. That this search is a preliminary association to the suspect and after verification, this hit requires confirmatory forensic DNA analysis.

15.     That this confirmatory DNA analysis consists of a new buccal swab taken from the suspect, pursuant to the investigation.

16.     This confirmatory standard is collected under an evidentiary chain of custody as required by the Illinois State Police Forensic Sciences Command for evidence.

17.     This confirmatory DNA analysis is known as a Hit Confirmation.

18.     That after confirmatory DNA analysis, a laboratory report is generated which reports the suspect as a possible donor of the evidence sample and reports a statistical frequency which estimates how rare the evidence profile is in various large ethnic populations.

SO STIPULATED:

_____
Geraldine D'Souza
Assistant State's Attorney

_____
Richard Paull and Deana Binstock
On Behalf of Luis Martinez

3

# ILLINOIS STATE POLICE
### Division of Forensic Services

Rod R. Blagojevich
*Governor*

Larry G. Trent
*Director*

October 20, 2005

Forensic Scientist Kathleen Kozak
Illinois State Police
Forensic Science Center at Chicago
1941 West Roosevelt Road
Chicago, IL 60608-1229

Dear Ms. Kozak:

A search of the Illinois DNA Index on September 12, 2005 resulted in a computer match between specimen number C05-23506-1BF2 and Illinois convicted offender specimen number I04-050571. The convicted offender information and DNA profile have been examined and are verified. The convicted offender name and date of birth listed below are as they appear on the sample receipt. Other names and dates of birth may exist for this individual.

Louis Martinez
DOB 7/26/1978
SID# IL36686060

Our policy recommends that the law enforcement agency obtain an additional biological sample from this subject and submit the sample to your laboratory for reanalysis. Please do not hesitate to contact me at (217) 782-4975 if you have any questions.

Sincerely,

Taylor C. Scott III
Forensic Scientist

DNA Indexing Laboratory
3710 East Lake Shore Drive * Springfield, IL 62712
(217) 782-4975 (voice) * (217) 786-6956 (fax) * 1 (800) 255-3323 (TDD)
www.illinois.gov * www.isp.state.il.us

O                                              Exhibit K.

| |

STATE OF ILLINOIS            )                        1/29/08  (1)
County of Cook               )  S.S.
                             )

IN THE CIRCUIT OF COOK COUNTY
County DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS            DONE pro - se
                      VS.          )
Luis MARTINEZ            ) 06-CR-3231
                         ) JAMES B. Linn
            THE HONORABLE PRESIDING JUDGE

MOTION IN liMINiE TO Exclude THE DNA Evidence
AND THE RESULTS OF THE New buccal SWAB TAKEN
From THE DEFENDANT for confirmatory DNA reanalysis AND
ENZYME TESTING. AND BAR forensic scientist Taylor C.
Scott III The illinois DNA index COMPUTER MATCH Testimo
THE Association between a convicted offender Sample and an
Evidence is Known as A case to offender hiT. And The
DATABase COMPUTER information on grounds The data
base information is Hearsay And forensic Scientist relie
On information from a database COMPUTER hearsay evidence
is inadmissible under The federal Rule OF Evidence
Rule (802) AND Exclude THE WOMEN'S pair of underwear in
Inventory # 10520806.



Attorney Jill W. Landsberg
*Chair*
Honorable John O. Steele
*Vice Chair*
Honorable Donald C. Hudson
John E. Kreisler
Attorney Tom Leahy
Raymond J. McGury



EXHIBIT K

Attorney Kathy D. Twine
*Executive Director*
*General Counsel*

100 West Randolph Street
Suite 14-500
Chicago, Illinois 60601-3233
312/814-5554
800/227-9429
TDD 312/814-1881
FAX 312/814-5719

# STATE OF ILLINOIS
# JUDICIAL INQUIRY BOARD

September 13, 2007

Mr. Luis Martinez
2006-0007243
P.O. Box 089002
Chicago, Illinois 60608

Dear Mr. Martinez:

The Judicial Inquiry Board ("Board") received your request for an investigation of an Illinois state court judge. The Board will discuss your request to determine whether it has jurisdiction and if so, whether an investigation or other Board action is warranted. Kindly be advised that the Board's action does not include legal assistance or intervening in any court case. Therefore, if you have an active court case, you must continue to proceed with whatever remedies that may be available to you within the court system.

It is important for you to note that pursuant to the Illinois Constitution and the Board's Rules of Procedure, the Board is prohibited from sharing with you or anyone outside of our agency the details of any investigation or action taken in lieu of or prior to filing a complaint with the Illinois Courts Commission ("the Commission"). Only those documents filed with the Commission during the prosecution of a matter becomes public record. However, after the Board has made its final determination and taken all warranted action, you will receive written notification of its determination.

Also be advised that the Board does not have jurisdiction to investigate allegations of misconduct against attorneys, court personnel, police officers, or anyone other than active judges of the State of Illinois.

Very truly yours,

Kathy D. Twine
Executive Director &
General Counsel

KDT: mp



Attorney Jill W. Landsberg
*Chair*
Honorable John O. Steele
*Vice Chair*
Honorable Donald C. Hudson
John E. Kreisler
Attorney Tom Leahy
Raymond J. McGury



Attorney Kathy D. Twine
*Executive Director*
*General Counsel*

100 West Randolph Street
Suite 14-500
Chicago, Illinois 60601-3233
312/814-5554
800/227-9429
TDD 312/814-1881
FAX 312/814-5719

## STATE OF ILLINOIS
## JUDICIAL INQUIRY BOARD

February 13, 2008

Mr. Luis Martinez
#2006-000-7243
P. O. Box 089002
Chicago, IL 60608

Dear Mr. Martinez:

The Judicial Inquiry Board ("Board") has concluded its review of the allegations raised in your complaints against an Illinois state court judge and has determined to close the complaints. The Board's determination to close the complaints is in no way an opinion as to the merits of your court case.

Please note that the Board is prohibited, pursuant to the confidentiality provisions contained in its Constitutional authority and Rules of Procedure, from disclosing specifics regarding its decision, findings or information about its deliberations of any matter.

Very truly yours,

Kathy D. Twine
Executive Director &
General Counsel

KDT: mp

**OFFICE OF PROFESSIONAL STANDARDS**



EXHIBIT A

10 W. 35th St., Suite 1200
Chicago, IL 60616
(312)745-3609

**Ilana Rosenzweig,** Chief Administrator

7 November 2007

Luis Martinez ID#2006-000-7243
P. O. Box 089002
Chicago, IL 60608
Div. 8 Rtu B3

Dear Mr. Martinez:

Your letter dated October 17, 2007, addressed to the Office of Professional Standards, was given to me for a response.

The Office of Professional Standards registers all complaints against Police Department members and is responsible for conducting investigations of complaints Involving allegations of excessive force and domestic violence. All other complaints are forwarded to the Internal Affairs Division.

Your information was issued Log#1007001 and was forwarded to the Internal Affairs Division for their information and review. If you have any questions regarding your complaint please contact the Internal Affairs Division at 312-745-6349 between the hours of 8:30-5:00 p.m. or in writing to:

Chicago Police Department
Attention: Internal Affairs Division
3510 S. Michigan Ave
Chicago, Illinois 60653

Sincerely,

Ilana B. R.  Rosenzweig
Chief Administrator
Office of Professional Standards

IBRR/ac

  

Exhibit L

| Richard M. Daley | **Department of Police • City of Chicago** | Jody P. Weis |
| --- | --- | --- |
| Mayor | 3510 S. Michigan Avenue • Chicago, Illinois 60653 | Superintendent of Police |

January 30, 2008

Luis Martinez
2006-000-7243
DIU 8 RTM D-1
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Martinez:

Please be advised that Sergeant Kane of the Internal Affairs Division has been assigned this investigation and your letters have been forwarded to her.

This is an internal investigation into your allegations. This is separate from your criminal trial. When the investigation is complete, you will need a subpoena to obtain the information you requested due to the fact that the contents of Internal Affairs Division investigations are only released by court order.

Sincerely,

Debra Kirby

Debra Kirby
Assistant Deputy Superintendent
Internal Affairs Division

DK/bf

C:\Documents and Settings\pclogin\My Documents\Citizen Letters\2008 L Martinez.doc

Emergency and TTY: 9-1-1 • Non Emergency and TTY: (within City limits) 3-1-1 • Non-Emergency and TTY: (outside City limits) (312) 746-6000

E-mail: police@cityofchicago.org • Website: www.cityofchicago.org/police







Exhibit L

**Richard M. Daley**
Mayor

**Department of Police · City of Chicago**
3510 S. Michigan Avenue · Chicago, Illinois 60653

**Jody P. Weis**
Superintendent of Police

March 19, 2009

Mr. Luis Martinez
K89831
2600 N. Brinton Ave.
Dixon, IL 61021

Dear Mr. Martinez,

My name is Sgt. Robert Vanna and I am the assigned investigator for the complaint you filed under Complaint Log No. 1007001. I am also in possession of the correspondence you have sent.

In order to proceed with the investigation you are required to sign a sworn affidavit. I have enclosed one for you signature and return to the Department. If you no longer wish to pursue the matter please sign the enclosed Letter of Declination.

Please send your reply to Sgt. Robert Vanna, 3510 S. Michigan Avenue, Unit 121, Chicago, IL 60653

Sincerely,

Sgt. Robert Vanna

Sgt. Robert Vanna

Emergency and TTY: 9-1-1 · Non Emergency and TTY: (within City limits) 3-1-1 · Non-Emergency and TTY: (outside City limits) (312) 746-6000

E-mail: police@cityofchicago.org · Website: www.cityofchicago.org/police

  

Exhibit M

## SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

September 14, 2007

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Luis A. Martinez
2006-000-7243
PO Box 089002
Chicago, IL 60608
Div. 8

Dear Mr. Martinez:

This office has received your two letters addressed to Chief Justice Robert R. Thomas.

The Supreme Court cannot intercede respecting your concerns nor can the Court consider matters on the basis of correspondence. Under Article VI of the State Constitution and the Rules of the Supreme Court, the jurisdiction of the Court extends only to cases or controversies properly brought before it from a lower court or, in limited circumstances, as an original action. Also, judges in the State of Illinois are precluded by the Code of Judicial Conduct from initiating, permitting, or considering *ex parte* communications or considering other communications made to the judge outside the presence of the parties concerning a pending or impending court proceeding.

Further, the Judicial Inquiry Board (JIB) has authority under the Constitution to investigate complaints against judges, and the Court does not have authority under the Constitution, Court rule or statute to review decisions of the Board.

Very truly yours,

Juleann Hornyak

Clerk of the Supreme Court

JH:ah

Order Form (01/2005)    Case 1:08-cv-02289    Documen  0    Filed 05/09/2008    Page 1 of 1

## United States District Court, Northern District of Illinois

Exhibit M.

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2289 | **DATE** | MAY 9, 2008 |
| **CASE TITLE** | U.S. ex rel. Luis Martinez (#2006-002743) v. Jackson | | |

**DOCKET ENTRY TEXT**

Petitioner Luis Martinez's motion to proceed *in forma pauperis* [4] is granted. His petition for habeas corpus relief is dismissed. *See* Rule 4, Rules Governing § 2254 Cases. Petitioner's requests for the appointment of counsel [3], [6] are denied.

*W. - C*

[For further details see text below.]                                    Docketing to mail notices.

### STATEMENT

Petitioner, Luis Martinez (2006-0007243), currently incarcerated at Cook County Jail, has filed a *pro se* petition for a writ of habeas corpus. Petitioner seeks for this Court to enjoin his pending criminal proceedings in state court. He asserts that, after his release from a mental health facility where he was on suicide watch, police officers conducted an investigation using falsified reports, warrantless searches, and coercive interrogation against petitioner. Petitioner contends that he is being wrongfully prosecuted for a sexual assault.

Finding that petitioner has neither the available funds nor means to pay the filing fee, the court grants his application to proceed *in forma pauperis*. However, petitioner's petition for habeas relief must be dismissed at the current time. Federal courts do not interfere with pending state criminal proceedings except in special circumstances, and only after the petitioner has exhausted state court remedies. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Special circumstances are generally limited to issues of double jeopardy and speedy trial. *See Braden*, 410 U.S. 484, 488-90; *Blanck v. Waukesha County*, 48 F. Supp.2d 859, 860 (E.D. Wisc. 1999).

Petitioner claims involve neither a double jeopardy violation nor a speedy trial issue. Furthermore, it is apparent from the petition that petitioner has not sought relief for his claims in the state trial court, appellate court, or supreme court. Accordingly, petitioner's petition is dismissed. If convicted, he may seek federal habeas relief after he exhausts state court remedies. Petitioner's requests for injunctive relief and for the appointment of counsel are denied.

Defendant has been convicted and can't Appeal his hebeas

Corpus TO seek relief in state court Supreme court Appellate court

isk / tcd

  

Exhibit M.,

# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

September 24, 2008

Mr. Luis Martinez
Reg. No. K-89831
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021

Re: M12136 - Luis Martinez, petitioner, v. Sergeant Kane of the Internal Affairs Division, etc., et al., respondents. Mandamus.

M12137 - Luis Martinez, petitioner, v. Hon. James B. Linn, etc., et al., respondents. Mandamus.

M12138 - Luis Martinez, petitioner, v. Kenneth N. Flaxman, respondent. Mandamus.

Dear Mr. Martinez:

This will acknowledge receipt of your letter on September 24, 208, regarding the above-captioned causes.

You are advised that the Illinois Supreme Court is not required to give a reason for either allowing or denying a motion, and they did not do so in any of your cases. The "letter" that you received regarding each case was the official order entered by this Court for its respective cause, and the denial applies to the entire mandamus motion.

If you would so choose, you may appeal each denial to the United States Supreme Court in Washington, DC, by filing a petition for writ of certiorari to that court. Be sure to attach a copy of this Court's denial order to your petition for writ of certiorari.

Information regarding the filing requirements of the United States Supreme Court should be directed by mail to the Office of the Clerk of the United States Supreme Court, Supreme Court Building, One First Street NE, Washington, DC 20543.

Very truly yours,

*Juleann Hornyak*
Clerk of the Supreme Court

JH/jak



$\in$xhibiT M.

# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

September 9, 2008

**FIRST DISTRICT OFFICE**
20TH FLOOR
150 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Luis Martinez
Reg. No. K-89831
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021

> Re: M12136 - Luis Martinez, petitioner, v. Sergeant Kane of the Internal Affairs Division, etc., et al., respondents. Mandamus.
>
> M12137 - Luis Martinez, petitioner, v. Hon. James B. Linn, etc., et al., respondents. Mandamus.
>
> M12138 - Luis Martinez, petitioner, v. Kenneth N. Flaxman, respondent. Mandamus.

Dear Mr. Martinez:

This will acknowledge receipt of your letter on September 8, 2008.

Enclosed is a file-stamped copy of each of the above-captioned mandamus cases. As you can see by looking at the case titles on the documents, the respondents you had named on each case are listed as parties to their respective cases. You had submitted three mandamus motions, therefore, those three were filed.

You are advised that the Illinois Supreme Court is principally a reviewing court, and there is no provision for issuing a summons in this Court. Therefore, your request for the issuance of a summons will not be considered.

As stated in our letter to you on August 18, 2008, your requests for appointment of counsel will not be considered unless the Court determines the appointment to be necessary at the time they render a decision on your pending mandamus motions. Your motions are pending decision at this time, and you will be notified by mail the same day the Court announces a decision on your cases.

Very truly yours,

Juleann Hornyak

Clerk of the Supreme Court

JH/jak
Enclosures

Exhibit M

**12137**

IN THE

SUPREME COURT OF ILLINOIS

Luis Martinez,                     )     Mandamus
                                   )
        Petitioner                 )
                                   )
    v.                             )     Circuit Court,
                                   )     Cook County
Hon. James B. Linn, Circuit Judge of    )     No. 06 CR 3231
Cook County, Tom Dart, Sheriff of Cook  )
County, Taylor Scott, Forensic Scientist )
for the Illinois State Police, Richard   )
Paull, Deana Binstock, and Geraldine     )
D'Souza, Assistant State's Attorney of   )
Cook County,                       )
                                   )
        Respondents                )


MOTION BY PETITIONER  FOR LEAVE TO FILE A
PETITION FOR AN ORIGINAL WRIT OF MANDAMUS


**FILED**

AUG 1 8 2008

SUPREME COURT
CLERK


Luis Martinez
Reg. No. K-89831
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois  61021

  

*Exhibit M.*

## SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

August 18, 2008

Mr. Luis Martinez
Reg. No. K-89831
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021

> Re: M12136 - Luis Martinez, petitioner, v. Sergeant Kane of the Internal Affairs Division, etc., et al., respondents. Mandamus.
>
> M12137 - Luis Martinez, petitioner, v. Hon. James B. Linn, etc., et al., respondents. Mandamus.
>
> M12138 - Luis Martinez, petitioner, v. Kenneth N. Flaxman, respondent. Mandamus.

Dear Mr. Martinez:

This office has today filed your three (3) motions for leave to file a petition for an original writ of mandamus, each styled as individually set forth above. You are being permitted to proceed as a poor person in each case.

Your motions will each be referred to the Court, and you will be advised as to the actions taken.

You are advised that your requests for appointment of counsel will not be considered unless the Court determines the appointment to be necessary at the time they render a decision on your pending mandamus motions.

Very truly yours,

*Juleann Hornyak*
Clerk of the Supreme Court

JH/jak
Enclosure
cc: AG CrMadigan

Exhibit M.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 006

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 06CR0323101

LUIS        MARTINEZ

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | | |
|---|---|---|
| 02/26/08 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
| LINN JAMES B. | | |
| 02/26/08 MOTION DEFT - CONTINUANCE - MD | 04/04/08 | |
| LINN JAMES B. | | |
| 04/04/08 DEFENDANT IN CUSTODY | 00/00/00 | |
| LINN JAMES B. | | |
| 04/04/08 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
| LINN JAMES B. | | |
| 04/04/08 MOTION DEFT - CONTINUANCE - MD | 05/01/08 | |
| LINN JAMES B. | | |
| 05/01/08 DEFENDANT IN CUSTODY | 00/00/00 | |
| LINN JAMES B. | | |
| 05/01/08 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
| LINN JAMES B. | | |
| 05/01/08 MOTION DEFT - CONTINUANCE - MD | 05/07/08 | |
| LINN JAMES B. | | |
| 05/07/08 DEFENDANT IN CUSTODY | 00/00/00 | |
| LINN JAMES B. | | |
| 05/07/08 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
| LINN JAMES B. | | |
| 05/07/08 MOTION DEFT - CONTINUANCE - MD | 05/29/08 | |
| LINN JAMES B. | | |
| 05/12/08 SPECIAL ORDER | 00/00/00 F | |
| EMERGENCY PETITION FOR WRIT OF MANDAMUS & INJUNCTION RELIEF. | | Filed pro se |
| 05/12/08 HEARING DATE ASSIGNED | 05/29/08 1724 | |
| 05/29/08 DEFENDANT IN CUSTODY | 00/00/00 | |
| HILL ARTHUR F JR | | |
| 05/29/08 DEFENDANT FOUND FIT | 00/00/00 | |
| W.MEDS. | | |
| HILL ARTHUR F JR | | |
| 05/29/08 SPECIAL ORDER | 00/00/00 | |
| ALL MOTIONS W/DRAWN | | |
| HILL ARTHUR F JR | | |
| 05/29/08 ADMONISH AS TO TRIAL IN ABSENT | 00/00/00 | |
| HILL ARTHUR F JR | | |
| 05/29/08 PLEA OF GUILTY | C007 00/00/00 | |
| HILL ARTHUR F JR | | |

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS                     EXHIBIT M

                    VS              NUMBER 06CR0323101

    LUIS        MARTINEZ

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
| Date | Event | Date 2 | | |
|------|-------|--------|---|---|
| 12/21/06 | DEFENDANT IN CUSTODY | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 12/21/06 | PRISONER DATA SHEET TO ISSUE | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 12/21/06 | WITNESSES ORDERED TO APPEAR | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 12/21/06 | CONTINUANCE BY AGREEMENT | 02/07/07 | | |
| | LINN JAMES B. | | | |
| 02/07/07 | DEFENDANT IN CUSTODY | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 02/07/07 | PRISONER DATA SHEET TO ISSUE | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 02/07/07 | WITNESSES ORDERED TO APPEAR | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 02/07/07 | MOTION DEFT - CONTINUANCE - MD | 03/13/07 | | |
| | LINN JAMES B. | | | |
| 03/13/07 | DEFENDANT IN CUSTODY | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 03/13/07 | PRISONER DATA SHEET TO ISSUE | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 03/13/07 | MOTION TO QUASH ARREST | 00/00/00 | D | 2 |
| | LINN JAMES B. | | | |
| 03/13/07 | MOTION TO SUPPRESS | 00/00/00 | D | 2 |
| | MOTION TO SUPPRESS IDENTIFICATION DENIED | | | |
| | LINN JAMES B. | | | |
| 03/13/07 | MOTION DEFT - CONTINUANCE - MD | 05/07/07 | | |
| | LINN JAMES B. | | | |
| 05/07/07 | DEFENDANT IN CUSTODY | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 05/07/07 | PRISONER DATA SHEET TO ISSUE | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 05/07/07 | MOTION DEFT - CONTINUANCE - MD | 06/12/07 | | |
| | LINN JAMES B. | | | |
| 06/12/07 | DEFENDANT IN CUSTODY | 00/00/00 | | |
| | LINN JAMES B. | | | |
| 06/12/07 | PRISONER DATA SHEET TO ISSUE | 00/00/00 | | |
| | LINN JAMES B. | | | |

  

EXhibiT M

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                NUMBER 06CR0323101

    LUIS          MARTINEZ

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/12/07 CONTINUANCE BY AGREEMENT                07/31/07
     LINN JAMES B.
06/19/07 SPECIAL ORDER                           00/00/00 F        2
     GRAND JURY INDICTMENT & TRANSCRIPTS.
06/19/07 HEARING DATE ASSIGNED                   07/31/07 1724
07/31/07 DEFENDANT IN CUSTODY                    00/00/00
     LINN JAMES B.
07/31/07 PRISONER DATA SHEET TO ISSUE            00/00/00
     LINN JAMES B.
07/31/07 MOTION DEFT - CONTINUANCE - MD          08/30/07
     LINN JAMES B.
08/30/07 DEFENDANT IN CUSTODY                    00/00/00
     BURNS, CHARLES P.
08/30/07 PRISONER DATA SHEET TO ISSUE            00/00/00
     BURNS, CHARLES P.
08/30/07 CONTINUANCE BY AGREEMENT                10/25/07
     BURNS, CHARLES P.
08/30/07 DEFENDANT IN CUSTODY                    00/00/00
     BURNS, CHARLES P.
08/30/07 PRISONER DATA SHEET TO ISSUE            00/00/00
     BURNS, CHARLES P.
08/30/07 CONTINUANCE BY AGREEMENT                09/13/07
     BURNS, CHARLES P.
09/13/07 DEFENDANT IN CUSTODY                    00/00/00
     BURNS, CHARLES P.
09/13/07 DEFENDANT IN CUSTODY                    00/00/00
     BURNS, CHARLES P.
09/13/07 PRISONER DATA SHEET TO ISSUE            00/00/00
     BURNS, CHARLES P.
09/13/07 CONTINUANCE BY AGREEMENT                09/25/07
     BURNS, CHARLES P.
09/25/07 DEFENDANT IN CUSTODY                    00/00/00
     BURNS, CHARLES P.
09/25/07 PRISONER DATA SHEET TO ISSUE            00/00/00
     BURNS, CHARLES P.
09/25/07 CONTINUANCE BY AGREEMENT                10/11/07
     BURNS, CHARLES P.

10 / 11/ 17  Judge linn returned
After Altering and charging Motion
to squash arrest transcripts and
filing False documents And
presented them

**U.S. Department of Justice**

Civil Rights Division    Exhibit M.

---

MJK:amp:rs
DJ 144-23-0

*Criminal Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

MAR 05 2009

Mr. Luis Martinez, #K-89831
Dixon Correctional Center
2600 N. Brinton Avenue
Dixon, IL 61021

Dear Mr. Martinez:

This responds to your letter dated August 31, 2008, in which you allege that you were wrongfully convicted of a crime you did not commit by a corrupt Illinois State Judge, State's Attorney and Police Chief of the City of Chicago. We apologize for our delay in responding.

The Criminal Section of the Civil Rights Division is responsible for enforcing federal criminal civil rights statutes. This enforcement activity relates to investigation and prosecution of deprivation of civil rights under color of law. These matters generally involve allegations of excessive physical force or sexual abuse by law enforcement officers, as well as allegations of human trafficking, involuntary servitude or peonage, and allegations of forcible interference with reproductive clinics.

We have carefully reviewed the information which you furnished and determined that your complaint does not involve a prosecutable violation of the federal criminal civil rights statutes that we enforce.

Inasmuch as you feel that your civil rights were violated, you may wish to contact private counsel, the nearest legal aid program, or the local bar association to determine whether they may be able to assist you or what remedies may be available to you.

- 2 -

Additional information about the statutes enforced by the Civil Rights Division can be viewed if you log on to our website at www.usdoj.gov/crt. We appreciate your cooperation and thank you for advising us of your concern.

We regret that we cannot be of further assistance to you.

Sincerely,

Mark J. Kappelhoff
Section Chief
Criminal Section
Civil Rights Division

By:

Angela M. Parks
Paralegal Specialist
Criminal Section



**OFFICE OF THE INSPECTOR GENERAL**
*City of Chicago*

Exhibit M.

David H. Hoffman
*Inspector General*

111 W. Washington Street, Suite 600
Chicago, Illinois 60602
Telephone: (773) 478-7799
Fax: (773) 478-3949

May 29, 2007

Luis A. Martinez
2006-000-7243
P.O. Box 089002
Chicago, Illinois 60608

Dear Mr. Martinez:

We have reviewed your complaint dated May 18, 2007, regarding The Abuse of One's Official Status as a Public Employee and have found that it does not meet our investigative guidelines. As such, the Inspector General's Office will not be conducting an investigation into this matter.

We believe that your complaint may best be handled at the department level. Therefore, we are seeking your permission to turn your complaint over to the Chicago Police Department Internal Affairs Division for its investigation.

If you agree that we may turn your complaint over to the Chicago Police Department Internal Affairs Division, please return this letter with your signature, addressed to:

David Grossman
Director of Investigations
Inspector General's Office
P.O. Box 2996
Chicago, Illinois 60654-2996

Thank you for bringing this matter to the attention of the City of Chicago.

Sincerely yours,

David Grossman
Director of Investigations

DG/mrv

Yes, I agree that the Inspector General's Office may forward my complaint to the Chicago Police Department Internal Affairs Division for its investigation. *Luis A. Martinez*
(Name)

EXHIBIT M.

*Duplicate Previously* *Processed 4-16-08*

RETURNED

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel.

_Luis MARtinez 2006-000-7243_
(Full name and prison number)
(Include name under which convicted)

PETITIONER

Superintendent Jackson Div 8 Rtu
Thomas DARt, Cook county sheriff
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MAY 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE NO: _08 C 2289_
(Supplied by Clerk of this Court)

Case Number of State Court Conviction:

06-CR-3231 · PENdiNG-trial

## PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: CaSE STill pENdiNG
CooK county circuiT court

2. Date of judgment of conviction: _____

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

_____

4. Sentence(s) imposed: _____

5. What was your plea? (Check one)  (A) Not guilty   ( )
   (B) Guilty   ( )
   (C) Nolo contendere   ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF Illinois

Exhibit M.,

Luis A. Martinez,
        Plaintiff,                    CASE NO: C6-CR-3231

- V S -

THE PEOPLE OF THE STATE OF Illinois,
        Defendants,

# EMERGENCY

## TEMPORARY PRELIMINARY INJUCTIONS

Now comes, The Plaintiff, Luis A. Martinez,

IN THE FORGOING Cause OF ACTION Pursuant,
Under FEDERAl Rule of civil Procedure 65(a)1
And Respectfully Asking This Honorable court To Grant
Said Plaintiff PETITION for TEMPORARY Preliminary Injuction
STopping plaintiff Criminal proceedings.

IN SUPPORT There OF, PlaintiFF STATES There OF,
THE Following Facts.

1. THAT THE plaintiff, Luis A Martinez, is THE True
Person Bringing This Cause of Actions.

Exhibit M.

SUPREME COURT OF ILLINOIS
CLERK OF THE COURT
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 12, 2008

Mr. Luis Martinez
Reg. No. K-89831
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, IL 61021

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No. 12136 - Luis Martinez, petitioner, v. Sergeant Kane of the
Internal Affairs Division, etc., et al.,
respondents.   Mandamus.

The motion by petitioner for leave to file a
petition for an original writ of mandamus is
<u>denied</u>.

cc: Hon. Lisa Madigan

Exhibit M.

# 12136

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| Luis Martinez, | ) | Mandamus |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sergeant Kane of the Internal Affairs | ) | |
| Division, Department of Police, Ilana | ) | |
| Rosenzweig, Chief Administrator of the | ) | |
| Office of Professional Standards, Debra | ) | |
| Kirby, Assistant Deputy Superintendent | ) | |
| of Police, and Jody P. Weis, | ) | |
| Superintendent of Police, | ) | |
| | ) | |
| Respondents | ) | |

## MOTION BY PETITIONER FOR LEAVE TO FILE A
## PETITION FOR AN ORIGINAL WRIT OF MANDAMUS

FILED

AUG 1 8 2008

SUPREME COURT
CLERK

Luis Martinez
Reg. No. K-89831
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021



UNITED STATES COMMISSION ON CIVIL RIGHTS

EXHIBIT M.

624 NINTH STREET, NW, WASHINGTON, DC 20425

www.usccr.gov

April 1, 2008

Luis Martinez
2006-000-7243
DIV8 Rtu-D-1
PO Box 089002
Chicago, IL 60608

Dear Mr. Martinez:

The Commission on Civil Rights recently received your correspondence.

The Commission was created by Congress to conduct studies, hold hearings, issue reports, and serve as a national clearinghouse for civil rights information. As such, the Commission has no authority to provide direct remedial assistance, or offer an opinion as to the soundness of individual allegations.

We assist the many people who write to us alleging discrimination on the basis of race, sex, age, disability, national origin or religion by forwarding their complaints to the appropriate civil rights enforcement agency. After carefully reviewing your correspondence, we find that it does not contain allegations that may be forwarded to an enforcement agency. We are therefore returning your correspondence and regret that we cannot assist you further.

Please do not hesitate to contact us in the future should you require a referral on another matter.

Sincerely,

Robert Lerner, Ph.D.
Assistant Staff Director
of Civil Rights Evaluation

Enclosure

_IN THE SUPREME COURT OF ILLINOIS_
_Supreme court Building Springfield 62701_

IN THE CIRCUIT COURT OF _____ _____ COUNTY, ILLINOIS
THE COURT FOR THE _____ JUDICIAL CIRCUIT
                    LAW DIVISION            _Exhibit N.,_
_____

_Luis Martinez_              )
                   Plaintiff, )
        vs    _Room 707_     )      No. _____
_Judge linn, criminalcourt Building_ )
                   Defendant. )
_Richardpaull., Deana Binstock., TomdarT., Taylorscott., Geraldine D'Souza_
                                    _'Assistant state Attorney_

LEAVE TO FILE PETITION OF MANDAMUS

NOW COMES Plaintiff, _Luis Martinez_, pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq., directed to the above named Defendants. In support thereof, Plaintiff states as follows:

1. Leave to file PETITION OF MANDAMUS is an original action before the Court.

2. Plaintiff presents for review issues of law pertaining to him while incarcerated at _Dixon_ Correctional Center, _Dixon_, Illinois, _Lee_ County.

3. Plaintiff contends that the issues to be presented are concerning his right to _DNA testing, and The disclosure of Exculpatoryevidence 412 DNAevidence 417_

4. Plaintiff alleges in the petition that _he is seeking Mandamus relief and has a right To DNatesting The partie has failed To perform this Durtie because of inocen_

5. Plaintiff's petition seeks to compel the Defendant to _To disclose evidence under Rule 417, and exculpatoryevidence under Rule 412 Bradydoctrine And grant and order The court To provide plaintiff DNA-testing and other_

6. Plaintiff hereby incorporates by reference all grounds and allegations stated in the PETITION OF MANDAMUS, a copy of which is attached hereto.

7. WHEREFORE, plaintiff prays this Court to grant him leave to file a PETITION OF MANDAMUS.

Respectfully submitted,
_Luis martz_
Plaintiff, pro se, ID# Number _K89831_
P.O. Box _____
_Dixon_ Corr Ctr, _Dixon_, IL _____

Revised Jan 2002

IN THE Supreme Court of Illinois
Supreme Court Building Springfield 62701

IN THE CIRCUIT COURT OF _____ COUNTY, ILLINOIS
THE COURT FOR THE _____ JUDICIAL CIRCUIT
LAW DIVISION

exhibit N

Luis Martinez _____ )
                Plaintiff,   )
                             )
        vs                   )          No._____
                             )
Judge linn, Richard pauli    )
        Defendant.           )
Deana Binstock, Tom dart Cook county Sheriff, Taylor scott, Geraldine D'
                                                              Souza

PETITION OF MANDAMUS

NOW COMES Plaintiff, __Luis Martinez__, pro se, in order to give
notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil
Procedure 735 ILCS 5/14-101 et. seq. directed to the above named Defendant.

IN SUPPORT THEREOF, Plaintiff states as follows:

1. Plaintiff is currently incarcerated at __Dixon__ Correctional Center,
__Dixon__, Illinois, __Lee__ County. Plaintiff is serving a sentence of
__10__ years for the charge of __Criminal Sexual Assault__.

2. Defendant, __Named above__, is the __Conspirators engaged__
and as such is responsible for _____
__in criminal Activity To frame plaintiff To this crime__

3. Plaintiff brings this PETITION OF MANDAMUS before the Court pursuant to Code
of Civil Procedure 735 ILCS 5/14-101 et. seq.

4. The plaintiff has requested that the defendants perform specific ministerial duties. The
defendants have refused to perform such duties regardless of plaintiff's clear entitlement to
performance of the specific duties which are set forth as follows:
__has Failed To provide under Rule 417 information requested For The__
__DNA evidence, in The pretrial proceeding And post conviction for DNA testing__
__Exculpatory evidence 412. Sergeant Kane Internal Affair investigator__
__has failed To disclose Plaintiff Information And The results of her investigation__
__because The information she has show cause of being Falsely Arrested civil Rights violation__
__Innocence 413__

5. As a result of Defendant's actions, Plaintiff will suffer irreparable damages and be
subjected to __False imprisonment, unjustice if DNA testing is not granted and if__
__Sergeant Kane Does not Forward exculpatory evidence Discovered in her__
__Investigation That show plaintiff Innocence. police falsely Arrested plaintiff__
__having knowledge of A DNA Match of someone Else police brutality bribery__
__Falsification of evidence use of excessive Force Domestic violence by police__
Revised Jan 2002 __In violation of plaintiff civil Rights__

6. WHEREFORE, Plaintiff prays the Court will grant any such relief as the Court deems just and necessary by ruling Defendant's actions of _Failing To perform a duty by law and Engagement of criminal Activity In violation of the law because of Racism_

7. WHEREFORE, plaintiff further prays the Court will issue an ORDER OF MANDAMUS compelling Defendant to:                              _Exhibit N_

(a) _Sergeant Kare Internal Affair Investigator To Forward The results of her investigation and Evidence discovered Which she refused So For 1year and 3months because exculpatory evidence Was found_
(b) _To provide The relief requested said further In this petition To End injustice_

(c) To grant plaintiff leave to file brief in support of PETITION OF MANDAMUS.

(d) To grant such other relief as the Court deems just necessary.

                              Respectfully submitted,

                              _[signature]_
                              Plaintiff, pro se

Signed before me this __1st__ day of __August__, __2008__.

_[signature]_
Notary Public

STATE OF ILLINOIS
COUNTY OF __Lee__

"OFFICIAL SEAL"
Jill Straw
Notary Public, State of Illinois
My Commission Exp. 03/03/2010

## AFFIDAVIT

I, __[signature]__, deposes and says that as to the petition herein, he/she is the plaintiff in the above entitled cause; that he/she has read the foregoing document, by his/her signed, and that the statements contained therein are true in substance and in fact.

                    s/s _[signature]_
                    Plaintiff, pro se

Signed before me this __1st__ day of __August__, __2008__.

_[signature]_
Notary Public

"OFFICIAL SEAL"
Jill Straw
Notary Public, State of Illinois
My Commission Exp. 03/03/2010

Revised Jan 2002

Exhibit N.

State of illinois )
County of cook ) SS
                 )

In The circuit court of
Cook county county Department
Criminal Division

People of the state of illinois
              vs. )
Luis Martinez  ) 06 CR 3231
              /

Motion For Appointment Of A
Microbiological expert, or Microanalytical
Expert, or forensic scientist, at
County expenses

Now Comes The Defendant Luis Martinez
under Fed R. crim. p. 17(b) 18 U.S. C A 3006
A(e) (1) (3) Rights of indigent defendant
in criminal case To Aid of state by Appointment
of investigator or expert Defendant Respectfully
Ask this honorable court To Appoint And pay the
funds of $_____ for Any of These specific
experts That are NOT State experts To
Inspect and TEST The DNA evidence offered
In this case To demonstrate that the DNA
Evidence is NOT really Semen and TO TEST
The DNA evidence Of this case And offer
Testimony that would Aid And help the

EXhibiT N.

Defense case in showing actual innocence based on the facts presented on the Motion for DNA-testing under the Due Process Rights of the Defendant is entitled to an expert other than a state expert to use scientifict techniques that was not used by the state expert who falsified the evidence to this case and these testing technique Along with an expert would have potential to produce new evidence in this case of assertion of actual innocence of the Defendant and new reliable expert opinion that would exonerate the Defendant completely of the basis of DNA evidence of this case

Therefore Defendant prays the court issue and authorize the expenditure of funds to pay for reasonable services of an expert witness requested if the court Allows the funds for expert Assistance Defendant will tell the court which expert would be Appropriate and reliable to provide services and all other information of expert desired by the Defendant would be given to the courts

Respectfully
Submitted
Luis mart

STATE OF Illinois )
County of Cook ) SS
)

EXhIbIT N.

IN THE Circuit OF cook county
County DeparTMenT criminal Division

People OF The State OF illinois
          V.                    ) 06-cr-3231
     Luis Martinez            )
                              )

Motion For Forensic Testing NoT available
At trial regarding Actual innocence
725 ILcs 5/116-3

Now COMES DefendanT Luis Martinez, pro se
reQuesting For A second chance For Justice
respecTFully Ask This honorable court TO granT
The DefendanT DNA Testing, if The court does
noT vacate DefendanT conviction And release The
DefendanT The only solution would be Appropriate
TO Show Actual cause of innocence DNA testing
TO clarify That The DNA TesT results of
This case were Truely Exculpatory. And Altered

Exhibit N.

State of illinois )
county of cook ) SS
)

IN THE circuit court
OF cook county county Department
Criminal Division

People of The state of illinois
vs. )
Luis Martinez ) 06 cr 3231
)

Ex parte Motion for expenses
for investigator state expenses

Now comes The Defendant Luis Martinez
pro se and pursuant To MgL c. 261 27A - D
respectfully request This honorable court TO
authorize The Expenditure of funds not TO
Exceed a sum certain duly authorized by this
court, To enable The Defendant TO obtain The
services of a private investigator for a defense
Investigation of The Facts surronding This case

As grounds There Fore The Defendant states That he is indigent and unable To pay for an experts services, and That the request funds are "... reasonably necessary To prevent Luis Martinez from being subjected To disadvantage In preparing or presenting his case Adequately, In comparison To one who could afford To pay... COMMonwealth v. lockley, 381 Mass. 156, 160, 480 NE. 2d 834, 838, (1980) MASS R. CriM. p. 41

WhereFore This court is respectfully urged To authorize The Expenditure of Funds To pay for The reasonable services of A private investigator, and The courts attention is directed To The facts said

Respect Fully Submitted,
Luis Martinez pro-se

EXhibiT N.

State of illinois )
County of Cook ) S.S
)

In The circuit court of
Cook county county DepartMent
criMinal-Division

People of The State of illinois
Vs.

Luis Martinez

Motion For subpoena Federal.,

(caption)

Defendant, Luis Martinez pro-se Moves this
court for a subpoena pursuant To Section 17(C)
of The federal Rules of criminal procedure
commanding The court To Subpoena K. Behle
Forensic biologist To present To The defendant
To produce in her possession in order To end
injustice and seek fairness in This case in good
faith All written full lab notes Done by her
on 5/25/05 chain of custody DNA lab report
Done on 6/9/05 chain of custody original DNA
lab report based on The experts finding photographs
Exhibits, All forensic Documents all Tangible
objective evidence intended as exhibits that can
be reviewed To assure that The chain of custody

And Identification can be sustained as a
predicate To the introduction of the exhibit
All scientific Notes explaning experts Testimay
And Thier Opinion based on examination all
disclosure of exculpatory DNA evidence favorable
TO The defendant in K. Behle possession
Brady v. Maryland 373 U.S. 83, 83 S. CT.
1194, 10 L. Ed. 2d 215 Obligation To
disclose Favorable evidence TO the accused
That The goverment failed To disclose
exculpatory scientifict results Favorable TO
The defendant All Scientifict results of
reports of any scientific or economic test
or experiments or studies made in connection
With The Instant case copies of those
reports Identifying what DNA evidence Material
physical evidence was tested, Location.
Dates each Item Tested Results
Medical Files Notes chain of custody from
Rape Kit provided To K. Behle for DNA typing
and comparison All Notes Scientific Results
from rape Kit The date of said test
analysis or examination. The Identity of any
person assisting in said test analysis or
examination The results and conclusion written
reports oral opinion reached by each expert
Full discovery of scientific Facts opinions be
provided TO seek fairness., and exculpatory
evidence for The defense defendant ask
That this honorable court allow and issue This
Subpoena for information that been concealed
                        Luis Mocaty Respectfully submitted

EXhibiT N.

State of illinois )
County of cook ) SS
)

In The circuit court of
Cook county county Department
Criminal - Division
)
People of The state of ) 06 CR 3231
Illinois )

vs.

Luis Martinez

Motion For an issuance of Subpeona
Under (Rule 17 C)

Now comes The Defendant, Through pro-se
Luis Martinez respectfully Moves This honorable
court For an order That a Subpoena be
issued Also The court To order To direct
The state prosecutors To disclose The Iden
tity names and title of positions of employment
position held and duty performed AT The lincoln
park hospital That a subpoena be issued To
The personnel who completed a rape kit on The

Exhibit N

Victim of This case Molly grierson on April 19, 2005 while The victim was treated And examined at the lincoln park hospital The personnel from The lincoln park hospital, physician, And Doctor who examined Molly grierson should be subpoena To testify in This case at The criminal court building located at 2650 S. california chicago Ill. 60608 And bring To court The original copy of any and all medical records of treatment hospital records and all clinical records of every kind relating To The care and treatment of Molly grierson, any and all videoTapes showing The victim entering The lincoln park hospital The names and Identity of each person who consulted with The witness at the

lincoln park hospital in The instant Matter Include: The court To subpoena this information

(A) Names and title
(B) birth dates
(c) Address
D Telephone numbers
(e) profession or occupation and The field in which he/she is an allegedly an expert

Exhibit N

The Identity Names and Job title of each and every person who examined Molly grierson and Identity of any object used material Tested when examination was Done on Molly grierson including Date of said test, analysis or examination, (b) The location of said Test analysis or examination (c) the purpose of said Test, analysis or examination (D) The steps or Methods employed in said Test, analysis or examination (e) the information provided The expert prior To said test, analysis or examination (f) the Identity of any person assisting in said test analysis examination should be Also subpoena (G) the present location of any samples or materials tested analyzed or Examined (h) the type of Dna samples collected from The Molly grierson During her examination and the type of Material clothing Identifying each piece that was placed in the chain of custody All written reports Books chain of custody Should be subpoena Also Defendant respectfully ask That This evidence be subpoena because it is evidentiary and relevant To Show fairness in this case

Respectfully Submitted
Luis mesa

Exhibit N.

IN THE CIRCUIT COURT OF __COOK__ COUNTY, ILLINOIS
THE COURT FOR THE __COOK county__ JUDICIAL CIRCUIT
LAW DIVISION

| | |
|---|---|
| __Luis Martinez__ | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) No. __06-CR-3231__ |
| | ) |
| __Judge linn, Diana Binstock__ | ) |
| Defendant. | ) |
| __Richard paul L. Quinton pitluck, geraldine D'souza__ | |

PETITION OF MANDAMUS

NOW COMES Plaintiff, __Luis Martinez__, pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq. directed to the above named Defendant.

IN SUPPORT THEREOF, Plaintiff states as follows:

1. Plaintiff is currently incarcerated at __Dixon__ Correctional Center, __Dixon__, Illinois, __Dixon__ County. Plaintiff is serving a sentence of __10__ years for the charge of __Criminal Sexual Assault__.

2. Defendant, __ET AL respondents__, is the __Conspirators who Acted in concert__ and as such is responsible for __in bad Faith illegally permitted Detectives of this case To As principal Agents of this conspiracy crime illegally threw away A rape kit completed by a physician when the victim had been treated at the hospital because semen samples tested results showed plaintiff innocence__

3. Plaintiff brings this PETITION OF MANDAMUS before the Court pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq.

4. The plaintiff has requested that the defendants perform specific ministerial duties. The defendants have refused to perform such duties regardless of plaintiff's clear entitlement to performance of the specific duties which are set forth as follows:
__which was plaintiff counsel's clear duty To Compel The states attorney geraldine D'souza which had Authority To comply To give plaintiff counsel which counsel Failed To request and concealed and hide After The scientifict DNA evidence Of the rape kit was destroyed in bad Faith the DNA evidence Of The rape kit results lab reports Done by K. Behle 6/9/05 were Also removed From evidence, Thrown away by Richard paul L__

5. As a result of Defendant's actions, Plaintiff will suffer irreparable damages and be subjected to __False imprisonment because a rape kit existed as real evidence And scientifict results Of The rape kit showed Actual innocence Of plaintiff__

Revised Jan 2002

# Mandamus    Exhibit N 1.)

plaintiff has a clear right To The relief request
The rape KiT completed when The victim had been
Treated and examined at The hospital was never
presented in The pre-trial proceeding of This case
because it was illegally removed From The DNA
chain of custody and Thrown away because
Those scientifict results showed a DNA match
Of someone else That was NOT The plaintiff
The conviction should be vacated and The plaintiff
Should be released people v starks App. 2 DiST
2006, 302 Ill Dec 769, 365 Ill App. 3d 592,
850 NE 2d  or

plaintiff is Seeking Mandamus relief respectfully
request This honorable court To issue an order
The STATE prosecutors To Forward because it May
Still be possible despite The loss in Bad Faith
Destruction of The physical DNA evidence from The
rape KiT completed AT The lincoln park hospital
That was illegally thrown away and destroyed
Therby Denying plaintiff Due process of law
because This evidence excluded The plaintiff Of
The Source of The semen Donor from The rape
KiT completed Through re-analysis of The
electronic data, and electropherograms,
collected by The STATE lab in its initial

Mandamus      Exhibit N  2.)

Rounds Of Testing The existence of The electronic data could be re-analyzed using New analytic Method in order To clarify That The rape Kit Was a piece Of real evidence That was undisclosed To The courts because The scientific results Showed The plaintiff was innocent of These Charges To End injustice and unfairness and plaintiff innocence of These charges plaintiff respectfully Ask This honorable court To order DNA Testing To show cause of plaintiff innocence In The pretrial proceeding plaintiff repeatedly Ask For DNA Testing The State prosecutors and Judge linn Failed To provide DNA Testing Which plaintiff had A clear right To relief of testing because The results Would show plaintiff innocence. This would only be The Appropriate relief Awarded by This court.

If The court does not Vacate This conviction and release plaintiff To show plaintiff innocence plaintiff Was A mental patient in RTU Div 8. while awaiting Trial plaintiff Was transferred without psychiatric Doctors Authorization To general population For purposes Of Denying plaintiff mental health treatment ordered by psychiatric Doctor Luke Due To The lack of mental health treatment In general population And No psychiatric Medication plaintiff

Mandamus   Exhibit 31

deteriorated And did not have The Ability To function or understand The proceeding OF This case And was Unable To defend himself and unfit To stand trial which counsel had knowledge OF This but Failed To Move for A Mental health evaluation After The plaintiff was Moved To general population for purposes To Make him Unable To understand The proceeding OF This case And To Make A plea Negotiation While plaintiff was unfit To understand The proceeding To Make closure To This case It was counsel obligation To Move for A fitness hearing because counsel had knowledge that plaintiff was involuntary committed To general population removed from The psychiatric hospital without No authorization from psychiatric doctor which ordered plaintiff To receive psychiatric Treatment, and psychotrophic Medication in order

To be fit To stand trial, which in general population Maximum security psychiatric treatment did not Exist at all whatsoever when The plaintiff was involuntary Placed There which Counsel failed To Move plaintiff To A Mental health Facility To continue psychiatric treatment, which was orderd by psychiatric doctors or To a less restrictive facility To continue his psychotrophic Medication.

○ EXhibiT N.,

6. WHEREFORE, Plaintiff prays the Court will grant any such relief as the Court deems just and necessary by ruling Defendant's actions of _Under These circumstances These Defendants violated plaintiff Due process Rights Knowing That thier conduct Was Unlawful due To the facts Shown in this petition_

7. WHEREFORE, plaintiff further prays the Court will issue an ORDER OF MANDAMUS compelling Defendant to: _comply with Thier duty because plaintiff_

(a) _has A clear right The rape kiT scientificT results Done by K. Behte 6/9/05 forward These excupatory results To plaintiff_

(b) _Due To the abuse of Discreation Bad faith destruction of This evidence That Was excupatory Defendant conviction Should be vacated and The defedant should be released. Or The only Appropiate remedy grant plaintiff A DNatesT_

(c) To grant plaintiff leave to file brief in support of PETITION OF MANDAMUS.

(d) To grant such other relief as the Court deems just necessary.

Respectfully submitted,

_Luis Martez_

Plaintiff, pro se

Signed before me this _____ day of _____, _____.

_____
Notary Public

STATE OF ILLINOIS
COUNTY OF _____

AFFIDAVIT

I, _Luis Martez_ _____, deposes and says that as to the petition herein, he/she is the plaintiff in the above entitled cause; that he/she has read the foregoing document, by his/her signed, and that the statements contained therein are true in substance and in fact.

s/s _Luis Martez_

Plaintiff, pro se

Signed before me this _____ day of _____, _____.

_____
Notary Public

Revised Jan 2002

STATE OF Illinois )
    County OF cook )
                              ) SS
                              )
                              )

Exhibit

IN THE cir cuit court OF cook county
    county DeparTmenT., criminal Division
                                    )
People of The state of illinois    )        06 CR 3231
        Vs.                        )
                                   )        honorable Judge
    Luis Martinez                           Hill Arthur FJR. CourTroom 202
        Defendant

MOTION For A Bar AssociationAttorney
    OTHER Than A public defendeR.;

NOW COMES The defendanT., Luis MartineZ In his OWN
    Proper person And Moves this honorable courT TO Enter AN
    Order providing That The DefendanT shall be Appointed counsel
    OTHER Than a cook county public defender To represenT The DefendanT
The DefendanT Averred These Facts.

        IN supporT OF This Motion Defendants Alleges:

1.) ThaT The defendant is indigenT And withouT Financial resources
    OF any Description whatsoever with which To retain counsel

2.) My claim in This matter is NOT Frivolous or Malicious buT
    is Colorable and Meritorious.

Exhibit

3.) A Defendant has a constitutional right to the Effective Assistance of counsel of U.S const Amend VI X IV., Ill const. 1970 Art I, 8 Strickland V. Washington. 466 U.S 668, 104 S.CT. 2052, 80 L.ed 2d. 674 (1984) people V. Albanese. 104 Ill. 2d 504, 473 Ne. 2d 1246 1984.

4.) Defendant has the Right to Effective Assistance of Counsel U.S. constitutional Right Amendment six Gideons V. Wain wright 327 U.S 355 1963 Illinois Revised Statute chapter 3 Section 5604 (4) Chapter 38 113 B

## Argument for Review.,

Defendant basis his Rights under the universal Declaration of human Rights Adopted and proclaimed by general Assembly resolution 217 A (III) of 10 December 1948 as a common standard of achievement for all people and Nation Article (5) No one shall be subjected to torture or to cruel in human or degrading treatment or punishment and (8) Everyone has the Right to an effective remedy by the competent National tribunals for acts violating the fundamental rights granted him by the constitution or by law it would be a violation of this Declaration and the court will endure a great hardship subjected to Torture and cruel inhuman punishment

(4)

and should NOT be trusted TO represent The defendant
AT all what soever and would clearly NOT represent the
defendant effectively in This cause One of The problems
in This case and Now find Myself Falsely imprisoned because
of public defenders barbarous Act and corruption committed
committed by 3 public defenders who work for The cook county
public defenders Office Deana Binstock, Richard H. pauLL,
Quinton pitluck, all and OThers Were The problem in this
case And shall be held liable for Thier barbarous
Act That deprived ME of liberty These public defenders
Aided And Abbetted and Assisted Other conspirators
Principal Agents of This conspiracy crime police officers TO
This case TO cause False imprisonment,

Will Fully Done by Racial Discrimination TO Frame Minority
People TO crimes They did not commit For No wrong doing
on The basis of False evidence That was deliberately
Fabricated and invented by counsel Richard pauLL. Deand
Binstock, Quinton pitluck and OTher Members of this
Conspiray crime clearly in violation of The due
Process clause 14th Amend Right NOT TO be subjected
TO criminal charges on The basis of False
evidence That was deliberately fabricated by The
government

Also A state and federal Right to The effective Assistance of counsel U.S. Const Six gideon V. Wainwright 327 U.S 355 people V. Royse 99 Ill. 2d 163, 457 NE. 2d 1217 (1983) Also Right To be free from conflicting interest and Right To loyalty of counsel 6th Amend Would be violated and The defendant would be denied The Effective Assitance Of counsel IF this court Appoint a public defender from The public defenders office Of cook county TO Represent The defendant in This post cause, and case.

Defendant Alleged it Would clearly be A Abuse and Would constitute A repeated pattern of Misconduct done by public defenders who conspired To commit federal crimes from The public defenders office of cook county whereas a disregard TO Appoint A Bar Association lawyer other Than A public defender Would clearly constitute a disregard of defendant human Rights and disregard of The guarantee Rights of The Six Amendment U.S. constitution and clearly would be a barbarous Act of The fundamental human Rights of dignity and Mankind and would further constitute Torture, and endure A great hardship of unfair punishment To The defendant caused by

illegal Retaliation of other public defenders from The same public defender office of cook county were This Appointed Public defender is From Therefore Another public defender from cook county Should not be Appointed

(5)

if any concept is fundamental to our American system
of justice it is that those charged with upholding
The law are prohibited from deliberately fabricating
evidence and framing individuals for crimes they
did not commit in violation of due process clause

These 3 public defenders Richard paull., Deana Binstock.,
Quinton pitluck deprived defendant of liberty and of
A fair trial and infected the pre-trial proceeding
of this case in joint partnership effort to
Accomplish false imprisonment deana Binstock., Richard
paull from the cook county public defenders office
learned that the defendant in the pre-trial proceeding

repeatedly filed complaints with the attorney
Registration Disciplinary Commission, And Motion filed
prose showing conflict of interest and sufficient
facts and evidence showing that Richard paull., and
Deana Binstock filed and stipulated falsely and was
offered in evidence by these two attorneys to
frame the defendant with this crime with other
Perjured Testimonies Richard paull., and Deana
Binstock public defenders assisted Taylor scott III

Exhibit P,

Once I have finished my obligations, I will file a certificate with the court. The court will then hold a hearing on the motion. It is up to the trial judge to decide whether you can withdraw your guilty plea and go to trial on the charges against you. A new trial will not be limited to the charge to which you pled guilty. When a plea is withdrawn, the State has the right to try you on all of the charges which it originally brought against you including the Class X felonies. If you go to trial and lose, the trial court can give you a sentence of more than 10 years.

As we discussed on the phone, a motion to withdraw guilty plea is not a means to obtain an outright reversal of your conviction. At best, it could only result in withdrawal of your guilty plea which means you would be facing trial of the charges in this matter. You expressed your displeasure at my statement but that is the law.

Your motion alleges that various court personnel conspired together to falsify documents about DNA testing. You allege that you were "not able to go to trial" because of this conspiracy. You say that a rape kit was done on the complaining witness the same night of the offense and that the results of that test exonerated you but were destroyed. A test done on evidence collected days later resulted in a match with you. When I asked your basis for knowing about a previous exonerating test which had been destroyed, you pointed me to the police report attached to your motion. That report states merely that the complaining witness was treated and released from Lincoln Park Hospital but does not describe the nature of her treatment, the performance of any tests or the results of any tests.

The trial court's file shows that on March 13, 2007, your attorneys filed a motion to suppress which alleged that your consent to confirmatory DNA testing was invalid. That motion was denied on or about May 7, 2007. On March 20, 2008, your attorneys also moved for an order *in limine* to bar the State from presenting DNA evidence. Your attorneys entered into a stipulation regarding the chain of custody over the DNA evidence.

The trial court's file contains several letters from the ARDC regarding your complaints against your attorneys. Part of your complaint was that your attorneys entered into a stipulation about false DNA evidence. The letters from the ARDC concerning your complaints about false DNA evidence are dated prior to your entering into a guilty plea on May 29, 2008.

As discussed above, your plea of guilty waived all claims of error including your claims that the misconduct by the court personnel deprived you of your constitutional rights. Sometimes the courts will let someone withdraw a plea if they did not know about the misconduct at the time of the plea because the misrepresentation affects the knowing and voluntary nature of the plea. However, where the record shows that you had voiced numerous complaints about the alleged false DNA evidence in this case before you agreed to plead guilty, it will be extremely difficult to show that your guilty plea was not knowing or voluntary.

Similarly, it will be hard to succeed on a claim that you were coerced into pleading guilty by the actions of your attorneys. The fact that your attorneys filed a motion to suppress contesting

3

## AUTHORIZATION FOR RELEASE OF INFORMATION

I authorize _Cook County Department of Corrections_ to release
          (facility/therapist)

_any and all records related to mental health treatment, medication and
testing including but not limited to prescription and administration of medication_
    (state specific nature of information to be disclosed) _in May 2008._

about _Luis Martinez, d.o.b. 7/26/78, IR# 1143693_ to
        (patient's name)

_Eileen Pahl_ ,ASSISTANT PUBLIC DEFENDER
COOK COUNTY PUBLIC DEFENDER'S OFFICE
69 West Washington, 15th Floor, Chicago Illinois 60602
(receiving agency/person and address)

for the purpose of _motion to withdraw guilty plea / reduce sentence_

This consent is valid until: _the conclusion of proceedings on motion to withdraw plea / reduce sentence._

I understand that I may revoke this consent at any time and that the above-named person authorized to receive this information has the right to inspect and copy the information to be disclosed.

It has been explained to me that if I refuse to consent to this release of information, the following are the consequences (specify, if any): _____

_____
(Minor recipient, 12-7 inclusive)

_____
(Witness)

_____
(Date)

_____
(Signature)

_____
(Date)

_____
If signature is not of recipient indicate
legal relationship to recipient and legal basis
on which consent is given to recipient.

**NOTICE TO RECEIVING AGENCY/PERSON**: Under the provisions of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, you may not re-disclose any of this information unless the person who consented to this disclosure specifically consents to such re-disclosure.

Under the Federal Act of July 1, 1975, Confidentiality of Alcohol and Drug Abuse Patient Records, no such records, nor information from such records may be further disclosed without specific authorization for such re-disclosure.

Exhibit Q

please stamp and send back a copie

IN THE

Circuit Court of Cook County, Illinois criminal Division.

The People of THE State Of Illinois
Plaintiff,

vs.

Luis Martinez
Defendant.

Case No. 06-CR-3231

## PROOF/CERTIFICATE OF SERVICE

To: The circuit Court of Cook County, Illinois criminal Division

To: States Attorney Richard Devine at the Criminal court Bldg. 2600 S. california

**PLEASE TAKE NOTICE** that on __6-27-08__, 20 08, I have placed the documents listed in the institutional mail at Dixon Correctional Center, properly addressed to the parties listed for mailing through the United States Postal Service: _____

_____

Pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am named in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: __6-27-08__

/S/ _____
Name: __Luis Martinez__
IDOC# __K89831__
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, IL 61021

Revised Jan. 2002

STATE OF ILLINOIS

SS

COUNTY OF lee

### AFFIDAVIT

I, Luis Martinez , deposes and says that as to the

petition herein, he/she is the Defendant in the above entitled cause; that he/she has read
the fore-going document, by his/her signed, and that the statements contained therein are
true in substance and in fact.

/s/ Luis martinez

Defendant, pro se

Signed before me this 27th day of June , 2008 .

_Jill Straw_
Notary Public

```
"OFFICIAL SEAL"
Jill Straw
Notary Public, State of Illinois
My Commission Exp. 03/03/2010
```

Form revised 11/1/01

IN THE CIRCUIT COURT OF THE ___COOK_____ JUDICIAL

CIRCUIT_____COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                                )
Respondent,                     )
                                )
        v.                      )       Case No. __O6-CR-3231__
                                )
__Luis Martinez_____       )
Defendant/Petitioner, pro se    )

## MOTION FOR TRIAL TRANSCRIPTS
### AND
### COMMON LAW RECORDS

The Petitioner, pro se, __Luis Martinez_____ respectfully moves this Honorable Court to enter an order pursuant to Supreme Court Rule 471, 605, 607, and 608, allowing defendant to obtain a copy of his common law record and trial transcript of the proceedings without cost to him.

Petitioner, pro se, is an indigent person within the meaning of the statutes and has a meritorious cause for review in this Court.

1. That he is presently incarcerated at the __Dixon_____ Correctional Center, __Illinois_____, Illinois __61021__.

2. He is now serving a sentence of __10__ months/years, following a conviction for __Criminal Sexual Assault_____, in the County of __Cook_____ on __5-29-08_____, following a __guilty plea_____, before the Honorable __Assistant Judge for Judge linn__, Judge presiding, and a term of __6 years_____ years remains to be served for this conviction.

3. The Petitioner, pro se is without financial means to pay for the report requested in that he does not have any real estate or any interest in real estate, and that he has no money, accounts receivable, or personal property of any kind or nature sufficient to enable him to pay for the requested proceedings. An affidavit in support is attached.

IN THE CIRCUIT COURT FOR THE __COOK__ JUDICIAL COURT
_____ COUNTY, ILLINOIS

The people of the state of Illinois.
Petitioner                          )
                                    )
v.                                  )    No. 06-CR-3231
Luis Martinez                       )
Respondent

## APPLICATION TO SUE OR DEFEND AS A POOR PERSON

Applicant, __Luis Martinez__, respectfully requests the Court, pursuant to 735 ILCS 5/5-105, and Rule 298 of the Supreme Court, to grant (him/her) leave to (sue/defend) as a poor person; in support applicant states that the following facts are true in substance and in fact:

1. I am the (Petitioner/Respondent) in the above captioned legal proceedings.
2. I am a poor person and unable to (prosecute/defend) this action and am unable to pay the costs, fees, and expenses of this action.
3. My occupation or means of subsistence:
   (a) I am not currently employed due to my imprisonment at __Dixon__ Correctional Center, but I receive (a state stipend/nominal wages) of $ __10__ per month.
   (b) The amount and source of all other income or support are:
   __0__
4. My total income for the preceding year was $ __0__.
5. The sources and amount of income expected by me hereafter are:
   __0__
6. The nature and current value of any property, real or personal, owned by me:
   (a) Real Estate: __0__
       Value: _____
   (b) Motor Vehicle: __0__
       Value: _____
   (c) Cash, savings, checking, etc.: __0__
       Value: _____
   (d) Prison Trust Account: __0__
       Value: _____
   (e) Other (eg., TV, etc.): __0__
       Value: _____
7. No applications for leave to sue or defend as a poor person were filed by me or on my behalf during the preceding year, except as follows:
   _____
   _____
8. I believe in good faith that I have a meritorious (claim/defense).

__Luis matt__
(Your signature)

Type or print name __Luis Martinez__
Register Number __K80831__
__Dixon__ Correctional Center
Box __1200__
__Dixon__, Illinois __61021__
(Petitioner/Respondent), Pro Se

Form revised 11/1/01

3

## AFFIDAVIT OF SERVICE

I, _Luis Martinez_, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party(ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at _Dixon_ Correctional Center, _Dixon_ Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid postage thereon, on this _6-27_ day of _____, 20_08_.

_Luis Marty_
Signature

## VERIFICATION

I, _Luis Marty_, the undersigned, certify and state that:

1. I am the (Petitioner/Respondent) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents;

and

3. Under penalties as provided by law pursuant to sec. 1-109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

_Luis Marty_
(Your signature)

rm revised 11/1/01



EXhibiT 2,

**Illinois**
Department of
**Corrections**

**Pat Quinn**
Governor

**Roger E. Walker Jr.**
Director

Dixon Correctional Center / 2600 N. Brinton Avenue / Dixon, IL  61021 / Telephone: (815) 288-5561 / TDD: (800) 526-084

Date:        March 20, 2009

To:          Luis Martinez, K89831
             HU 60/48

From:        Curtis O'Neal
             Assistant Warden of Programs

Subject:     **Indigent Status Request**

After review of your trust fund account, I am approving your request for indigent status for legal purposes only.  This approval is approved through April 20, 2009; however, should your circumstances change this approval maybe revoked.  If you feel you should be reconsidered for indigent approval for legal purposes on or about April 20, 2009 please forward a request to my office for appropriate review and response to your request.  A copy of this letter will be forwarded to the library staff so that they are aware of this approval and can in turn issue you the approved monthly allotment of legal materials for indigent offenders.

This indigent status does not apply to hygiene items.  If you are in need of hygiene items you will need to contact your counselor.

Curtis O'Neal
Assistant Warden of Programs

CO/jmb
cc:     Becky Williams, Litigation Coordinator
        Carole O'Neal, Assistant Paralegal



*A program of the Bluhm Legal Clinic*

The MacArthur Justice Center

Exhibit 3.



LEGAL DIRECTOR AND
CLINICAL ASSOCIATE PROFESSOR
Locke E. Bowman
312.503.0844
l-bowman@law.northwestern.edu

CLINICAL ASSOCIATE PROFESSOR
Joseph Margulies
312.503.0890
j-margulies@law.northwestern.edu

BOARD OF DIRECTORS
Solange MacArthur
John R. MacArthur
James Liggett

GENERAL COUNSEL
David J. Bradford
One IBM Plaza
Suite 4400
Chicago, IL 60611
312.222.9350
djbradford@jenner.com

August 13, 2007

## CONFIDENTIAL LEGAL MAIL

Luis Antonio Martinez
20060007243
P.O. Box 089002
Chicago, IL. 60608

Dear Mr. Martinez,

Thank you for your letter asking for help with your individual situation.

The MacArthur Justice Center is a small public interest law firm that is devoted to litigating cases that may impact the operation of the criminal justice system. Unfortunately, we are not able to help in every situation, even where claims seem legitimate and serious.

Thank you for writing. We wish you the best of luck.

Sincerely,

Alex Sierra
Legal Assistant

Northwestern University School of Law
357 East Chicago Avenue
Chicago, Illinois 60611-3069
312.503.1271; fax 312.503.1272
www.law.northwestern.edu

IN THE
UNITED STATES DISTRICT COURT
EASTERN DIVISION

LUIS MARTINEZ, Reg. No. K-89831    )
  Plaintiff    )
                              )    Case No._____
                       vs.    )
See attached pages    )
1(a), 1(b), 1(c), and 1(d) in their    )
Individual and Official Capacities    )
  Defendant    )

## PROOF/CERTIFICATE OF SERVICE

To: Michael W. Dobbins, Clerk
U.S. District Court, Northern District
of Illinois, Eastern Division
219 S. Dearborn St. 20th Floor
Chicago, IL. 60604

To: For Defendant's Adresses
See pages 1(a), 1(b), 1(c)
and 1(d)

PLEASE TAKE NOTICE that on _____ 20____, I have
placed the documents listed below in the institutional mail at Dixon Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service:  Complaint Under the Civil Rights Act, Title 42 Section 1983, and
Supporting Documents; and Motion for Appointment of Counsel and, In Forma
Pauperis Application and Financial Affidavit.
Pursuant to 28 USC 1746, 18USC 1621, or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that I am the named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of
my knowledge.

Date: **4/3/09**

/s/ _Luis Mart_
Name: Luis Martinez
IDOC # K-89831
Dixon Correctional Center
P.O. Box 1200
Dixon, IL 61021

Revised Jan. 2002